GEORGE A. MOREY, admr. of JOHN JOHNSON, *vs.* MATTHEW
McGUIRE.

Where the official signature of a town-clerk was subscribed to that part of the certificate on the back of a deed, which related to the receipt of the deed into his office for record, but not to the following part which certified that the same was recorded in a particular book and page—the whole certificate being evidently in the hand writing of the town clerk,—such deed was held to be admissible in evidence.

Such town-clerk may add his name to such certificate at any time.

If mortgagee, after condition broken, assign to B, and mortgagor cuts timber, and leaves it upon the premises till after B takes possession, the mortgagor cannot maintain trover against B for his using this timber.

This action came up from the county court upon the following bill of exceptions, to wit :

" This was an action of *trover* for spruce mill logs, cedar logs and rails, and cooper-stuff. Plea, the *general issue,* and trial by jury.

It appeared in evidence that, in the winter and spring of 1830, the plaintiff's intestate cut a considerable quantity of cedar-rail timber, together with several spruce mill logs, and about one cord of cooper-stuff, upon the farm where he then lived, and drew and placed the same along the road side upon said farm, part of the cedar timber being split into rails *;* that, in May or June, 1830, when he had left said farm, and the defendant had entered into possession of it, he went upon the farm and demanded said property of the defendant, who forbade his taking the same away, claiming himself to be the owner of it ; that, after this, and before the action was commenced, the defendant appropriated a part of the property to his own use. The defendant gave in evidence a deed from Levi Stevens to Robert P. Johnson, of a part of said farm, and one from said Stevens to the plaintiff's intestate, of the other part, both dated February 16, 1826, and a mortgage deed from said Robert and the intestate to Stevens, of the same date, conditioned for the payment of sundry notes, amounting to about two thousand dollars, part of which had fallen due previous to November 21, 1829, and no part of which appeared to have ever been paid. The defendant then offered in evidence a deed of said farm from Stevens to himself, dated Nov. 21, 1829 ; to the admission of which the plaintiff objected, alleging that the endorsment of the town clerk upon the back of said deed, was not a sufficient certificate of the recording of the same. The official signature of the town clerk was subscribed to that part of the certificate relating to the receipt of the deed into his office for record, but not to the following part which certified the book and page where it was recorded. It being evident by inspection, that the whole certificate was in the hand writing of the town clerk, the court overruled the objection, and the deed was admitted. There was evidence in the case tending to show, that, when the last deed was executed, Stevens agreed with the defendant, that the

ORLEANS,
March,
1832.

Johnson's adm.
vs.
McGuire.

intestate should leave said farm by the 1st of May, 1830, and that, soon after, a settlement was had between Stevens and the intestate in relation to said farm, (though it did not appear that any acquitance of the equity of redemption was executed,) when the intestate, being made acquainted with said agreement between Stevens and the defendant, assented to the same, and agreed to quit the farm by the time aforesaid. There was also evidence tending to show, that, soon after the defendant's purchase of said farm as aforesaid, the intestate applied to him on one occasion for permission to cut a few sticks of timber for a particular purpose, not connected with the cutting of the timber in question; which permission the defendant gave. The court charged the jury, that the defendant might lawfully forbid and prevent the intestate from taking away the timber and rails cut upon said farm after the conveyance thereof from Stevens to the defendant. Verdict and judgement for defendant. To the admission of the deed aforesaid, and to so much of the charge as is above expressed, the plaintiff excepts," &c.

*Bell and Mattocks, for plaintiff,* contended, that the certificate of the town clerk upon the deed to the defendant, as described in the bill of exceptions, was no evidence, that the deed had been recorded. They also contended that the charge of the court was incorrect; for that the plaintiff's intestate, being mortgagor, and there having been no foreclosure of the equity of redemption, had a right to cut timber on the premises; that he had the paramount title to the land. The intestate was also in possession when a greater part of this timber was cut. And, even suppose the agreement with defendant was made as alleged, *Johnson* was to remain in possession till the first of May, 1830, before which the part of the timber, cut last, was cut.

*Young and Hill, contra.*—1st. That the deed in question was received into the town-clerk's office on a certain day, and filed for record, is beyond dispute, because of the official signature of the town-clerk. Now there is no good reason, why the indorsement of its being recorded in the hand writing of the same town-clerk immediately following his signature, is not equally evidence of its being recorded; and as much so as though the signature followed the indorsement. It is believed that, showing the endorsement to be the hand writing of the town-clerk, is good evidence of the deed being recorded, whether his signature accompany it or not, if it appear to have been done in his office; or whether it be placed at the commencement, or the conclusion, of the indorsement. In fact, the official signature of the town clerk is only evi-

dence of the indorsement's being in his hand writing, which, when
established, is a certificate sufficiently authentic for all legal pur-
poses in this state.—1 *Stark. Ev.* 367 ; 3 *Jac. L. Dic.* 457 ; 1
*Stark. Ev.* 172.

The 2nd. objection is to the charge of the court.—The right
to possess the premises in question was in Levi Stevens, at the
date of his deed to the defendant, by reason of the breach of the
condition of the intestate's and *Robert P. Johnson's* mortgage to
said Stevens. *Rev. Stat.* 96. So that, in the absence of Stevens'
deed to the defendant, the intestate was substantially a trespasser
on the right of Stevens, and was liable to an injunction to stay
waste. The defendant by his deed succeeded to all the rights of
Stevens, together with the undertaking of the intestate, to surren-
der him actual possession according to the agreement of Stevens
with the defendant mentioned in the bill of exceptions. Now the
intestate knowing, and consenting to, the defendant's purchase,
and agreeing to give possession in accordance with it, renders him
a much broader trespasser on the rights of the defendant; and
the court well charged the jury, that the defendant might lawful-
ly forbid and prevent the intestate taking away the timber and
rails, cut on the land after the date of the defendant's purchase.
In this case the mortgagors were seized but for an instant, taking
an absolute estate in fee, and rendering back a conditional estate
in fee : the execution of these deeds, being of even date, was
done at the same instant, and therefore constitute but one act.
The land consequently was never vested in the mortgagors ; (4
*Mass. Rep.* 566 ;) but remained in Stevens as though no deed
had ever passed from him, the condition not having been perform-
ed.—2 *Bl. Com.* 113, *note* 7. The legal title and the right of
possession to the land was in the defendant at the time the timber
was cut, and his title perfected by possession in fact, at the time
of the injury complained of ; so that the defendant was justifiable
in treating the intestate as a stranger, and virtually a trespasser.
1 *Sw. Dig.* 514. The doctrine is most reasonable and fully sus-
tained, that the defendant had a right to detain in his possession
the timber and rails wrongfully cut and severed from his land.—3
*Bl. Com.* 3 ; 1 *Chit. Pl.* 139, 161. Under the circumstances
of this case, the intestate, by his assent to the defendant's purchase,
is estopped from setting up his right to cut the timber in question :
and this assent is fully shewn by the fact, that he yielded posses-
sion agreeably to the terms of the defendant's purchase ; and by

his application to purchase timber of the defendant, as appears by the bill of exceptions.

HUTCHINSON, C. J., *delivered the opinion of the Court.*— The deed from Stevens to the defendant was correctly admitted. The certificate of the town-clerk of his having recorded a deed, is only *prima facie* evidence of the fact. It is not made evidence by any statute ; and if the recording is not full and correct, that may be shown notwithstanding this certificate. The Court must be convinced that the deed has been recorded, before they admit it to be read to the jury ; and it is very convenient and proper for these certificates to be treated as *prima facie* evidence of the fact, when all appears regular. What is lacking of this regular appearance must be supplied in some way. The certificate, that the deed was received by the town-clerk for record, was regularly made and signed by him. And no person can read that part of the certificate, which is not signed, without knowing it to be in the same hand writing with that certificate, which is signed. The Court did right in considering this want of the signing at the bottom of the whole, a mere slip, and the certificates, with one signing, sufficient *prima facie* evidence of the recording. Or the defendant might have got the clerk, if living, to add his signature, and thus cured the defect. This the clerk, on discovering it, if he knew it to be a mere omission, should make correct forthwith, by signing his name as clerk, having it operate as *nunc pro tunc.* When all the substance is as it should be, the evidence, that it is so, should be perfected as soon as possible.

We will now examine the instructions given to the jury, to which exception was taken. It appears by the exceptions, that, when the plaintiff's intestate, who was mortgagor of the land, on which this timber grew, had neglected payment after the money became due, the mortgagee had conveyed to the defendant, and promised that said mortgagor should leave possession by the first of May, 1830 ; and that the said intestate, being told of this, assented to it, and promised to quit the possession by said first of May ; that all this took place before the cutting of the timber in question, which was cut in the winter and spring of 1830 ; that said intestate left the premises, and the defendant took the possession of the same, before the conversion complained of. Upon this state of facts, the said intestate was a wrong doer in cutting the timber ; and he could gain no title to it, against the defendant, who was then owner as mortgagee, with a right to possession, by such

wrongful cutting. The said intestate's right to possession, under our statute, had ceased with the arrival of pay day without payment. His possession, when he cut this timber, was a mere tenancy at will ; and, as the defendant had obtained a conveyance of the mortgagee's title, his said possession was as tenant at will to the defendant. And, whether his right of redemption was foreclosed or not, would make no difference in this respect. The legal rights of the parties must be decided at law ; and it would seem rather remarkable, if the law would admit the tenant at will to cut the trees of his landlord, and then recover in trover of his landlord for using those trees. Upon such a doctrine the plaintiff's claim seems to be founded. And there is no reason to suspect a mistake in this ; for the intestate acknowledged this right of the defendant, when he purchased other timber of him upon the same land. Upon the whole, the timber sued for did belong to the defendant ; and the charge of the county court was correct.

There has been presented, also, a petition for a new trial in this same case on the ground of newly discovered evidence. That may be sufficiently disposed of by saying, that the newly discovered evidence can have no possible bearing upon the cause. That relates wholly to rails, which the intestate carried to a Mr. Cutler, and the time of his carrying them. This suit relates wholly to the timber left on the farm by the intestate, and converted by the defendant. The petitioner takes nothing by his petition ; and,

The judgement of the county court is affirmed.