### JOEL LULL *v.* CALEB F. MATTHEWS.

The purchaser of property at sheriff's sale, whether upon *mesne* process, or execution, acquires no greater title to the property than the debtor possessed.

After condition broken the mortgagee becomes, at law, the absolute owner of the estate and is entitled to the immediate possession.

Where, after condition broken, and after the mortgagee had obtained a decree of foreclosure, but before the time for redemption had expired, the mortgagor cut wood upon the mortgaged premises, and the wood, while it remained upon the premises, was attached by a creditor of the mortgagor and sold at sheriff's sale to the defendant, and the wood remained upon the premises until after the time for redemption had expired, and the mortgagee took possession of the premises and forbid the defendant's removing the

Lull v. Matthews.

wood, and *sold and used* part of the wood himself, it was held, that the mortgagor, when he cut the wood, was a wrong doer and acquired no title to the wood, as against the mortgagee, and that the defendant acquired no title to the wood by his purchase and was not liable to pay the price which he had agreed to give for it.

INDEBITATUS ASSUMPSIT for wood· sold and delivered, and for wood bargained and sold. Plea, the general issue, and trial by jury, May Term, 1844,—HEBARD, J., presiding.

On trial the plaintiff introduced testimony tending to prove, that one Brooks, as deputy sheriff, on the nineteenth day of April, 1842, by virtue of a writ of attachment in favor of Daniel P. Wheeler against James W. Evans, returnable to the then next term of Windsor county court, attached a quantity of wood then upon the farm on which Evans lived ; that on the sixth day of May, 1842, Brooks, in pursuance of an agreement entered into by the parties, according to the statute, sold the wood to the defendant, at auction, at $1,12 per cord, on a credit of six months; and that on the eighteenth day of May, 1842, and before the session of the court to which the writ was made returnable, Evans confessed judgment, in favor of the plaintiff in that suit, for $469,68, and the writ was not entered in court, and no execution was taken out upon that judgment. It was conceded, that the plaintiff was then sheriff of the county of Windsor, and·that Brooks was his deputy, and that the wood was attached and sold within his precinct.

The defendant then introduced testimony tending to prove, that the wood in question was cut upon the farm on which Evans then lived; that most of it had been drawn from the place where it was cut and piled up near the road, in a suitable and convenient manner for measuring; that about twelve cords had not been moved from the place, upon the land, where it was cut, and had not been piled up ; that the land had been previously mortgaged by Evans to one Davis; that one of the instalments of the mortgage debt had become due, and Davis had brought his bill of foreclosure and obtained a decree, dated June 19, 1841, by which the sum then due was ordered to be paid on or before the third Tuesday in June, 1842; that payment was not made, according to the decree; that the wood in question was cut upon the land after the nineteenth of June, 1841, but before the time for redemption had expired ; that

Lull *v.* Matthews.

after the time for redemption expired Davis had the possession of the farm; that in August, 1842, Davis forbid the defendant's taking away the wood, and sold a part of it himself; and that the wood remained upon the farm until the next winter.

It appeared, that, by the terms of the sale, Brooks was to have the wood measured; and testimony was introduced upon each side as to the time and manner in which this was in fact done,—which it is unnecessary to detail.

The court instructed the jury, *pro forma,* that, if the testimony was believed, the plaintiff was entitled to a verdict. The jury returned a verdict for the plaintiff. Exceptions by defendant,

*C. Coolidge* for defendant.

1.  Evans, the execution debtor, had no property in the wood, and the creditor acquired no lien upon it. Being mortgagor, the debtor, after decree of foreclosure, was a mere tenant at sufferance. The wood was cut after the decree was made, and the severing it was an act of waste. When attached and when sold it was on the premises; therefore the officer had no power over it, and he could not sell and convey any interest in it. *Morey v. McGuire,* 4 Vt. 327. *Gore* v. *Jenness,* 19 Maine 53. *Blaney* v. *Bearce,* 2 Greenl. 137. *Smith* v. *Goodwin,* Ib. 173. *Stowell* v. *Pike,* Ib. 387. *Smith* v. *Moore,* 11 N. H. 55. *Sanders* v. *Reed,* 12 Ib. 558.

2.  The present plaintiff has no title to this action. He could sue only on the ground of his official resposibility. The property having been sold on *credit,* and by his deputy, the plaintiff is under no liability over for the proceeds of sale; he has, therefore, no legal interest in the subject of the suit. *Fletcher* v. *Bradley,* 12 Vt. 22. *Strong* v. *Bradley,* 13 Ib. 9. *Kimball et al.* v. *Perry,* 15 Ib. 414,

*Tracy & Converse* for plaintiff.

1   The mortgagor is entitled to possession until the equity of redemption expires. Rev. St. 215, §§ 7, 8, 11. This wood, *when cut,* was, or was not, the mortgagee's absolutely. It was not a precarious interest, which might, or might not, thereafter ripen into a perfect title, depending on a future contingency. If it was the property of Davis when cut, it remained so, and could not be defeated, or divested, by the subsequent payment of the mortgage money. If it

was not his when cut, it could not become so by any subsequent neglect of the mortgagor to pay the mortgage money. The mortgage created a lien on the *real estate only.* When the wood was severed from the freehold it became *personal* property, and the lien did not attach to it. The mortgagee could have no more claim to this wood, than to the crops of grass, grain, &c., that were taken from the land after decree and before foreclosure. Until foreclosure the claim of the mortgagee is a mere *chattel* interest in the mortgaged premises; the debt is the *principal* and the land the incident. *Peterson v. Clark,* 15 Johns. 205. *Hatch* v. *Dwight et al.,* 17 Mass. 289. Story's Eq. 286, §§ 1016, 1017; Ib, 284, n. 1. 4 Kent 157. *Clark* v. *Beach,* 6 Conn. 142. *Hooper* v. *Wilson,* 12 Vt. 695. *Martin ex d. Weston* v. *Mowlin,* 2 Burr. 978. *Runyan* v. *Mersereau,* 11 Johns. 534. 2 D. Ch. 100. 3 Vt. 202. 7 Vt. 100, 4 Vt. 108.

2. The fact, that the wood was not removed from the premises until after foreclosure, can make no difference with the question of title. It was sold at auction before foreclosure. If, when cut, it belonged to Evans, the fact of its remaining upon the premises after foreclosure could not make it the property of Davis. The case of *Morey* v. *McGuire,* 4 Vt. 327, is not like the present. The mortgagor had parted with all his interest in the mortgaged premises, before he cut the timber in question in that suit. It was as though Evans, in this case, had cut timber after the equity of redemption had been foreclosed and the mortgagee had taken possession.

3. The right to bring this suit in the name of the Sheriff cannot depend upon whether the property was sold on *credit.* Rev. St. 73, § 6.

The opinion of the court was delivered by

Kellogg, J. It is very obvious, that whether the plaintiff was entitled to recover, upon the evidence detailed in the bill of exceptions, must depend upon the question whether the property in the wood, by virtue of the sale by Brooks, the plaintiff's deputy, passed to and vested in the defendant; for if it did, then manifestly the plaintiff was entitled to recover, and the charge of the county court was correct. The sale of the wood was not upon execution; but if it had been, or if the sale were entitled to all the effect of a sale upon exe-

cution, while it would pass to the purchaser all the right and interest of the *debtor* in the execution, or process, under which the sale was made, yet it would not *conclude third persons,* who were not parties to the process.  This point was settled in the case of *Griffith* v. *Fowler,* 18 Vt. 390.

It becomes important, then, to inquire whether Evans, the defendant in the process under which the sale was made, was in law the owner of the wood ; for we take it to be clear, that the sheriff could not sell, and the purchaser could not acquire, any greater interest in the wood, than the execution debtor possessed.   It is also well settled, that, after condition broken, the mortgagee becomes, at law, the absolute owner of the estate, and is entitled to the immediate possession ; and that he can, from that time, charge the mortgagor, who becomes *quasi* tenant to the mortgagee, with the rents and profits.   The only remedy of the mortgagor is in equity, by payment of the mortgage money.

In the case under consideration it appears, that the wood, which is the subject of the present controversy, was cut by the mortgagor upon the mortgaged premises, after the decree of foreclosure was made and near the expiration of the time limited for the redemption of the premises, and that the wood remained upon the premises after the decree of foreclosure became absolute, and after the mortgagee had taken possession of the premises ; and that the mortgagee, after taking possession, took and sold a part of this wood.   Now it was held by this court in *Morey* v. *McGuire,* 4 Vt. 327, "that if the mortgagee, after condition broken, assign the mortgage and the mortgagor cut timber and leave it upon the premises until after the assignee takes possession, the mortgagor cannot maintain trover against the assignee for using the timber."   In this case the court say, "that his, the mortgagor's, possession, when he cut the timber, was a mere tenancy at will.   And whether his right of redemption was foreclosed, or not, would make no difference in this respect.   The legal rights of the parties must be decided at law ; and it would seem rather remarkable, if the law would admit the tenant at will to cut the trees of his landlord, and then recover of his landlord for using those trees."

The decision in the case above cited proceeds upon the ground, that the mortgagor was a wrong doer in cutting the timber and

could acquire no title to it as against the mortgagee and his assignee. So, in the case at bar, Evans, the mortgagor, when he cut the wood, was a wrong doer, and acquired no title to it, as against the mortgagee.

The case farther shows, that after the mortgagee took possession of the premises, he forbid the defendants taking away the wood. This, under the circumstances, was quite sufficient to justify the defendant's subsequent refusal to take the wood. For we entertain no doubt, that, had the defendant attempted to remove the wood at any time after the purchase, upon application of the mortgagee the court of chancery, would, by injunction, have restrained the defendant from removing the same. Had the mortgagor redeemed the premises within the time limited by the decree, he would have acquired and perfected a valid title to the wood. But the premises were not redeemed.

Upon the whole, we are satisfied that Evans acquired no title to the wood, as against Davis, the mortgagee, and consequently; that the defendant acquired no title by the purchase at the sheriff's sale and therefore was not liable for the purchase money. The charge of the court was therefore wrong, and the judgment of the court below must be reversed.