BENJAMIN F. LANGDON *v.* JESSE PAUL.

If the mortgagor, after a decree of foreclosure has been obtained by the mortgagee, and before the expiration of the time limited for redemption, cut and carry away timber from the mortgaged premises, the mortgagee may recover from him the value of the timber in an action on the case in the nature of waste, or under a count in trover.

In this case the plaintiff declared against the defendant in a plea of the case,

" For that the defendant, before and at the time of the committing of the grievance hereinafter next mentioned, held and enjoyed, " as tenant thereof to the plaintiff, and by the sufferance and permission of the plaintiff, a certain farm or tract of land, with the " appurtenances, situate in said Rutland, bounded on the north by " land of Edgar L. Ormsbee, on the west by Otter Creek, on the " south by land of Leverett Chatterton, and on the east by land of " Demon Gorham, containing one hundred acres, more or less— " that is to say, as tenant thereof as aforesaid for so long time as

" the plaintiff and defendant should respectively please, to wit, at
" Rutland aforesaid.   Yet the defendant, contriving and wrongfully
" and unjustly intending to injure, prejudice, and aggrieve the plain-
" tiff in his reversionary interest of and to the said farm and land
" with the appurtenances, while the same were so in the possession
" of the defendant as tenant thereof to the plaintiff as aforesaid, to
" wit, on the first day of January, A. D. 1843, and on divers other
" days and times between that day and the commencement of this
" suit, at Rutland aforesaid, wrongfully and unjustly felled, cut
" down, and prostrated and caused and procured to be felled, cut
" down and prostrated divers trees,—to wit, one hundred pine trees,
" fifty maple trees, fifty beech trees, fifty oak trees, fifty birch
" trees and one hundred other trees of plaintiff, of great value,
" to wit, of the value of seven hundred and fifty dollars, then stand-
" ing, growing, and being in and upon the said land, and took and
" carried away the same, and converted the same to his own use,—
" whereby the plaintiff has been and is greatly injured, prejudiced
" and aggrieved in his reversionary interest and estate of and in
" the said farm and land with the appurtenances, to wit, at Rutland
" aforesaid."

There was also joined a count in trover, for the same trees. Plea,
the general issue, and trial by the jury, September Term, 1847,—
Hall, J., presiding.

On trial, to show title in himself and the tenancy of the defend-
ant, the plaintiff introduced the record of a decree of foreclosure of
the premises described in his declaration, in favor of the plaintiff
against the defendant and others, made by the court of chancery,
September Term, 1844. It appeared, that the defendant cut sixteen
pine trees on the premises in the month of December, 1844, and
drew them from the land and sold them, before the time limited in
the decree for the redemption of the premises had expired, and that
the defendant was in possession of the premises, at the time the
trees were cut. Upon this evidence the court instructed the jury,
that the plaintiff was entitled to recover. Verdict for plaintiff.
Exceptions by defendant.

This suit was commenced at the April Term, 1845, and at the
April Term, 1847, the defendant filed a motion to dismiss, for the
reason that the writ was signed and the recognizance taken by the
attorney of the plaintiff; but no trial was had upon the motion to
dismiss, until after a review had been entered, and a verdict had
been returned for the plaintiff, as above stated. The case was then
continued to the November Adjourned Term, 1848, of the county

court, and before a judgment was rendered upon the verdict for the plaintiff the defendant offered to prove the allegations in his motion to dismiss; but the court,—HALL, J., presiding,—rejected the evidence, and overruled the motion to dismiss, and rendered judgment for the plaintiff upon the verdict.   Exceptions by defendant.

*Thrall & Smith* for defendant.

1.  The relation of the parties to each other and to the property affected, and the interest of the plaintiff in the premises, are not such as to entitle the plaintiff to sustain this action.   The relation of the mortgagor and mortgagee, after condition broken, is a species of tenancy, but subjects the parties to none of the incidents of landlord and tenant.   *Wilson* v. *Hooper*, 13 Vt. 655.   4 Kent (6th Ed.) 155. 2 Sw. Dig. 166.   Until condition broken the mortgagee has only a chattel interest in the premises; after the law day, and until the equity of redemption is foreclosed, and the time given to redeem expires, the mortgagee has a defeasible, contingent estate in the premises, and the right of possession; and during both these stages the fee in the land, for all purposes, is in the mortgagor.   4 Kent 159–165.   *Clark* v. *Beach*, 6 Conn. 142.   *Hooper* v. *Wilson*, 12 Vt. 697.   3 Bac. Abr., Mortgage C.   *Catlin* v. *Washburn*, 3 Vt. 26, 42.

2.  The mortgagee's interest and estate in the premises being only contingent, and not vested and absolute, he cannot sustain an action for waste, or any other action for an injury to the premises; if he have any remedy for an injury to the premises by the mortgagor, it is in chancery.   4 Kent 161.   *Peterson* v. *Clark*, 15 Johns. 205.   *Greene* v. *Cole*, 3 Saund. R. 252.   2 Sw. Dig. 166.   If the mortgagee out of possession is permitted to sustain this action against the mortgagor, he may sustain an action against any other person, for tortious acts upon the premises;—but certainly his rights and estate are not of that absolute character, that he can thus interfere and control the mortgagor.   The recovery of the land is no satisfaction of the mortgage debt, except for the value of the land at the expiration of the time given for redemption.   *Lovel* v. *Leland*, 3 Vt. 581.   There is no distinction in the interest and estate of the mortgagee after condition is broken without prosecution, and after time for redemption is fixed by the court.   *Clark* v. *Beach*, 6 Conn. 142.   The mort-

Langdon *v.* Paul.

gagee in possession is liable and may be made to account to the mortgagor for waste. *Rawlings* v. *Stewart,* 1 Bland 22. *Givens* v. *McAlmont,* 4 Watts 460. To sustain an action for waste the plaintiff must have the immediate estate in remainder, or reversion, vested in him at the time the waste is committed—an estate of inheritance. The plaintiff had no such estate. His interest is not that of a reversioner, or remainder man. 1 Chit. Pl. 71, 276. *Greene* v. *Cole,* 1 Saund. R. 252. 4 Kent 352.

3. The case, as presented, does not show that any waste has been done. The plaintiff gave no testimony to show, that an injury had been done to the reversionary interest in the inheritance. This must be alleged and proved. 1 Chit. Pl. 72. *Jackson* v. *Pesked,* 1 M. & S. 234. 4 Kent 355. *Buxton* v. *Taylor,* 4 B. & Ad. 72, [24 E. C. L. 26.] The court cannot intend, that the cutting of trees is waste. *Young* v. *Spencer,* 10 B. & C. 145, [21 E. C. L. 47.] *Jackson* v. *Brownson,* 7 Johns. 227. The question should have been submitted to the jury.

4. The action necessarily involves the question of title to the premises. *Whitney* v. *Bowen,* 11 Vt. 250. The proceedings upon the bill of foreclosure were no evidence of title. *Shed* v. *Garfield,* 5 Vt. 39. *Broome* v. *Beers,* 6 Conn. 198. *Palmer* v. *Mead,* 7 Ib. 149.

5. The plaintiff is not entitled to recover upon his count in trover. He had neither a general or special interest in the timber ; nor had he, when the suit was brought, the possession, or the right to immediate possession, of either timber, or land.

6. The motion to dismiss should prevail. A motion is never out of time for a defect of this character, which renders the writ a nullity. Rev. St. 179, § 5; 170, § 10. 1 D. Ch. 133. 17 Vt. 73. Ib. 118. *Ingraham* v. *Leland,* 19 Vt. 304. 1 Pick. 32. 6 Ib. 364.

*E. Edgerton* for plaintiff.

1. The proceedings in chancery were evidence to show the plaintiff a mortgagee and the defendant a mortgagor of the land in question. The mortgage was stated in the bill and admitted in the answer ; the decree was based upon the mortgage and necessarily involved its existence, and was an adjudication of the title, as between the same parties. *Viles et al.* v. *Moulton,* 13 Vt. 510. 1 Greenl. Ev., §§ 528, 534, 557.

Langdon v. Paul.

2. An action on the case "in the nature of waste" is a proper remedy in the present case. The act complained of was an injury to the plaintiff's reversionary interest. The relation of mortgagor and mortgagee is a relation of *landlord* and *tenant*. It has sometimes been called a tenancy at will, and at other times a tenancy at sufferance. In strictness it is neither; although in some respects it resembles them both. In either case the landlord may determine the tenancy at his pleasure;—and yet it is said, (2 Bl. Com. 175,) that the interest of a landlord at will is an estate in reversion; and so, too, by analogy, is the estate of the mortgagee, during the tenancy of the mortgagor, a reversionary interest. The actual possession is in the mortgagor, and the right of possession remains in him, until the entry of the landlord, or a notice to quit; and while the mortgagor continues thus rightfully holding, the mortgagee cannot, either in fact, or by fiction, be in the possession also;—*his* interest is one to *commence in possession after* the tenancy and possession of the mortgagor have ceased, and is therefore *reversionary*. *Morey* v. *McGuire*, 4 Vt. 327. *Hooper* v. *Wilson*, 12 Ib. 695. *Lull* v. *Matthews*, 19 Ib. 322. *West* v. *Treade*, 1 Cro. Car. 187. 1 Camp. 360. 2 Chit. Pl. 782, *n*. *Hutchins* v. *Lathrop*, decided in Washington Co., Mar. T., 1845, [8 Law Rep. 82.] *Hitchman* v. *Walton*, 4 M. & W. 409. 2 Greenl. Ev., § 655, (note 2.) *Hastings* v. *Perry*, 20 Vt. 272. In a tenancy at will there is no legal presumption of a determination of the tenancy for the wrongful act of the tenant. The tenancy ceases, in such case, at the election of the landlord; and until the election is shown, the tenancy is presumed to continue. 3 Co. Lit., note 379, Title, Tenant at Will. *Atkyn's Case*, 1 Burr. 112. The same rule is applicable to a tenancy in mortgage, pending the equity of redemption; and if the mortgagee in the present case *might* have elected to treat the tenancy as at an end, and if by doing so he *might* have brought trespass, the fact, that he brought the action on the case, shows, that he chose to regard the tenancy as still subsisting, and he has interest therefore as *reversioner*. Woodf. on Land. & Ten. 456, sec. 2.

3. The defendant was also liable on the count in trover. The plaintiff was, at law, owner of the estate, and owner of the trees, when severed, and consequently is entitled to recover for their conversion. *Morey* v. *McGuire*, 4 Vt. 327. *Lull* v. *Matthews*, 19 Vt. 322. *Hastings* v. *Perry*, 20 Vt. 272.

4. The motion to dismiss is in the nature of a dilatory plea, and not having been made at the first term of the court, it could not be received afterwards.

The opinion of the court was delivered by

REDFIELD, J.　The question to be determined in the present case is, whether the mortgagee, after condition broken, and before foreclosure, can maintain either an action on the case, in the nature of waste, against the mortgagor in possession, for cutting timber and selling it, or trover for the timber.

First and last I have entertained a good deal of doubt upon this point; but none of the court have ever had any difficulty upon any other point in the case. Upon this point, if the case were entirely new, perhaps a majority of the judges would incline against the action. But it is certain, that no English case can be found directly against the action, and none any where, except the one from 15 Johns. And on the other hand this court, in the case of *Hutchins v. Lathrop*, certainly did sustain an action on the case, under circumstances almost precisely similar,—this particular point not being raised; and in *Hitchman* v. *Walton*, 4 M. & W. 409, the court of exchequer, upon very full argument and consideration, seem to me to have decided, that the action is maintainable upon either count.

I consider, too, that the case of *Morey* v. *McGuire*, 4 Vt. 327, in the opinion of the court delivered by HUTCHINSON, Ch. J., and the case of *Lull* v. *Matthews*, 19 Vt. 322, in the very turning point of the case, are full authority in favor of sustaining the count in trover. And although I think a court of equity is manifestly the most appropriate place for redress of an injury of this kind, I hardly feel at liberty, under the circumstances, to insist, that the mortgagee shall have no remedy, in such a case, at law. Perhaps, under the state of precedent produced, he ought to be allowed *redress upon* both counts,—but clearly upon the count in trover.

And of this decision the defendant, the mortgagor, has no just ground of complaint, perhaps, as he may at any time defeat the plaintiff's action, by paying the mortgage debt, which it is always his duty to do, and tendering the costs. And if he will not do that, but suffer the estate to go upon the debt, the mortgagee is justly entitled to his judgment.　　　　　　　　Judgment affirmed.