AMOS HAGAR *v.* LAWRENCE BRAINERD, J. GREGORY SMITH, AND JOSEPH CLARK, TRUSTEES OF THE VT. AND CANADA R. R. CO.

*Pleadings. Estoppel. Mortgage. Notice. Eminent Domain. Railroad. Realty.*

A lessee of premises who puts a dwelling-house thereon by permission of the owner of the fee and with the right to move off the house at the expiration of the lease if the lessee complies with the terms of the lease, has such an interest in the realty as he or she may convey by mortgage. It is an interest in real estate, and the house and underpinning stones became attached to and a part of that interest.

The plaintiff having a mortgage interest in the premises, had a right to show such interest by the deed and the proceedings to foreclose the same.

Trespass on the freehold and on the case, when for the same cause of action, can be joined, such joinder being authorized by sec. 14, ch. 33, Gen. Statutes.

Whenever the condition of a mortgage is broken, at law the interest of the mortgagor in the premises thereupon becomes absolutely vested in the mortgagee, and he has a right to the immediate possession of the premises.

If T., who mortgaged to the plaintiff, had moved the house and underpinning wall from the mortgaged premises, under the circumstances of this case, the plaintiff could maintain an action of trespass *qu. cl.* or an action on the case in the nature of waste against T. for such removal.

The defendants, who acquired the right of T. in the premises *in invitum*, for the use of their railroad, under the statute, are subject to the same liabilities to the plaintiff for such removal, he having had no notice of the proceedings to appropriate said premises, as T. would be for doing the same thing.

It is not sufficient, in proceedings to condemn real estate to the use of a railroad, for the appraisers to give notice to the occupant thereof, and award him damages, and ignore the rights of other parties in the premises. *Keyes* v. *Prescott*, 32 Vt., 86, explained and approved.

TRESPASS, *qu. cl. fr.*, and CASE, for the same cause of action. There were two counts in *trespass*, charging that the defendants, on different dates, broke and entered the plaintiff 's close, and took away a dwelling-house and one hundred loads of stone, and continued to occupy said close, and one count in *case*, alleging that the plaintiff, on the 20th of February, 1866, was the owner and holder of a certain mortgage deed, executed by one Mary Ann Turner of the same close, described in the above counts ; that the plaintiff, on the 20th day of March, 1866, commenced a suit to foreclose said mortgage, which was entered in the court of chancery, within and for said county of Franklin, at the April term, 1866, and that the plaintiff, on the 20th day of April, 1866, obtained a decree against the said Mary Ann Turner, which expired on the 20th day of April, 1867, the said Mary Ann having failed to redeem said premises, and the title thereto, so far as the said Mary Ann had any interest therein, became absolute in the plaintiff ; and that on the 27th day of June, 1866, the defendants entered upon said premises and drew off a dwelling-house and one hundred loads of stone, and have since occupied said premises.

PLEA, the general issue, and two special pleas alleging that Henry Seymour was the owner of said close ; that the same was near to and adjoining the Vermont and Canada Railroad ; that before the defendants entered said close, and went into possession thereof, the said Seymour had given Mary Ann Turner license to place on said close said dwelling-house, to remain until May 1st, 1867, together with the right to remove the same from said close ; and that before and at the several times when, &c., the said Mary Ann had by said license placed said dwelling-house upon said close, and was occupying the same ; that said close became necessary for the depot accommodations of said railroad, and commissioners were duly appointed who appraised the damages of said Seymour and said Mary Ann, which damages the said railroad company paid ; that said Mary Ann removed said dwelling-house and said stone, and the defendants, as trustees of a railroad company, thereafter went into possession of said close, and erected a depot building thereon, and said close has ever since been occupied by said railroad company.

*Replication* denying that the plaintiff had notice from said commissioners, or said railroad company, of the appraisal of damages to said premises, and alleging that said railroad company and the defendants, were notified by the plaintiff not to pay the damages awarded to Mary Ann Turner.

Trial by jury at the April term, 1871, ROYCE, J., presiding. Verdict for the plaintiff.

On the trial, the plaintiff offered a mortgage deed from Mary Ann Turner to himself, of the premises in question, dated September 26th, 1864, conditioned for the payment of a note for $500, dated May 27, 1864, payable one year from date. The defendants objected to the admission of this deed in evidence. The court overruled the objection and admitted the deed, to which the defendants excepted. The plaintiff also introduced a petition for the foreclosure of the above mortgage, in favor of the plaintiff against the said Mary Ann Turner, and a decree of the court of chancery thereon, dated April 20th, 1866, and expiring April 20th, 1867.

The plaintiff also introduced a lease from Henry Seymour to Mary Ann Turner, dated November 21, 1860, of the premises from which said buildings were removed, for the term of three years from the first day of May, 1861, by the terms of which, if she complied with all the conditions of said lease, she had a right to move off said buildings at the end of the lease, and that the said Seymour, in case of the failure to perform by the said Mary Ann Turner, of the covenants and stipulations on her part in said lease, might remove said buildings from the premises at her expense. It was not claimed that Mary Ann Turner had any other right to the premises than such as she had by virtue of said lease or an alleged parol extension thereof, the offer to prove which by the plaintiff was excluded by the court. Prior to the time of the trial the action had become discontinued, as to the defendant Brainerd, by his death.

After the plaintiff rested, the defendants moved that the third count of the declaration be dismissed for a misjoinder.

The court overruled the motion, to which the defendants excepted.

The defendants also put into the case the deed from Hiram S. Kilburn to Henry Seymour, dated April 15, 1834, which conveys the land on which the said buildings stood, together with other lands; also a copy of the condemnation of said land by the Vermont and Canada Railroad Company, dated May 22, 1866, under which the defendants went into possession of the premises; also the appraisal of damages to Mary Ann Turner for the property.

The defendants also put into the case a mortgage deed from Mary Ann Turner to the plaintiff, dated April 13, 1863, and a mortgage from Mary Ann Turner to the Vermont and Canada Railroad Company, dated September 14, 1866. Upon the foregoing facts the defendants requested the court to direct a verdict for the defendants, for the reason that there was no proof in the case supporting either count of the declaration. The court refused this request of the defendants, and ruled *pro forma* that the plaintiff had shown such an interest in the property as would entitle him to sustain the suit upon the third count in the declaration: to which refusal of the court to direct a verdict for the defendants, and his instruction as above set forth, the defendants excepted.

*Edson & Rand* and *Noble & Smith*, for the defendants.

The mortgage from Turner to plaintiff, of September 26, 1864, was given after the written lease from Seymour to Turner had expired by its own limitation: consequently, Turner had no interest in the premises she could mortgage. 7 Barb., 599; 25 Eng. Law and Equity Reports, 37. The condemnation of the premises for the uses of the railroad, May 22, 1866, is a full defense to the defendants for entering upon the same, and the plaintiff cannot sustain trespass *quare clausum:* the plaintiff neither having title nor possession of the premises. *Runyan* v. *Mersereau,* 11 Johns., 538; *Jackson* v. *Willard,* 4 Johns., 41.

The plaintiff neither having title nor possession of the premises, there is no principle of law upon which the defendants were bound to appraise damages to him, or to regard any debt that Turner might be owing him. Turner was only a tenant at will or sufferance. Gen. Stats. 220, § 20; *Breed* v. *Eastern R.R. Co.,* 5 Grey,

470, (note) ; 2 Washburn Real Prop., 156 ; *Parish* v. *Gilmanter,* 11 N. H., 293 ; *Wright* v. *Turkey,* 3 Cush., 290 ; *Norwich* v. *Hubbard,* 22 Conn., 587 ; *Howard* v. *Robinson,* 3 Cush., 119.

Turner did not undertake to mortgage the building or the stone to plaintiff. If plaintiff obtained any lien upon the building, it attaches as well where it now stands — on the land where Turner moved it to — as on the land in question. If the building and stones were chattels, and owned by Turner, a mortgage of them to the plaintiff would be of no validity while Turner remained in possession. The plaintiff cannot maintain trespass *quare clausum* unless he can show possession, or the right of possession, as against Seymour or these defendants. *Ripley* v. *Yale et als.,* 16 Vt., 257. Trespass upon the freehold and case cannot be joined. *Keyes* v. *Prescott,* 32 Vt., 86.

*E. A. Sowles* and *Royce & Hall,* for the plaintiff.

The statute provides that counts in trespass may be joined with trespass on the case, if for the same cause of action. If there was a misjoinder, a verbal motion to dismiss on trial would not avail the defendants. Their remedy would be by demurrer. The plaintiff could then elect the particular count or counts he desired to recover on. 1 Chitty on Pleadings, 200 ; *May* v. *Williams,* 3 Vt., 239. The defendants' several pleas admit that Mary Ann Turner had a lease of the premises until May 1, 1867. The defendants are, therefore, estopped from denying that fact by their pleadings. 1 Sanders on Pleadings and Ev., 39.

The case shows that the plaintiff had foreclosed his mortgage and obtained a decree before the property was taken by defendants. The interest in the premises had then become his — subject to the right of Mary Ann Turner to redeem. The decree expired without redemption before the lease expired : whereby the plaintiff became the absolute owner of the interests of said Turner therein. Gen. Stats., 339, § 12, 364, § 15 ; *Atkinson* v. *Burt,* 1 Aik., 329 ; *Lyman* v. *Mower et al.,* 6 Vt., 345 ; *Wilson* v. *Harper,* 13 Vt., 653 ; *Pierce* v. *Brown,* 24 Vt., 165 ; *Smith* v. *Goodwin,* 2 Maine, 173. The case shows that the defendants, as trustees of the Vermont Central and Vermont & Canada railroads,

removed the house, or caused the same to be removed, and appropriated the stones to their own use, and interfered with and destroyed plaintiff's interest in the premises without compensation and without notice as required by statute. In proceedings *in invitum* courts watchfully and scrupulously protect the rights and interests of private individuals. Hence the court below did not err in directing *pro forma* that plaintiff could recover on his last count. Gen. Stats., 220, 221, §§ 21, 26; *Claremont Bridge* v. *Royce*, 42 Vt., 730; *Brown* v. *Smith*, 1 N. H., 36; 1 Saunders on Pleadings and Ev., 334.

The opinion of the court was delivered by

Ross, J. I. The defendant's first exception is to the admission in evidence of the plaintiff's mortgage deed of the premises from Mary Ann Turner, and the foreclosure of the same. They insist that the dwelling-house and underpinning stones sued for were but the chattels of Mary Ann Turner, on the land, and not capable of being conveyed by mortgage; that there were conditions in the lease, which for the last three years was in parol, or a parol extension of a written lease, which rendered her a tenant at sufferance of Mr. Seymour; and that, as Mr. Seymour might have terminated the lease at any time, they, having taken Mr. Seymour's interest in the land, stood in his rights, and could terminate the lease, enter, and remove the house and stones, without being liable therefor to the plaintiff, who, at best, stood in the rights which Mary Ann Turner acquired under the lease. It is to be observed that the defendants by their pleas in bar, and by their appraisal of the land damages, admit Mary Ann Turner's right to occupy the premises till May 1, 1867. By these admissions they are estopped from denying the facts they have thus conceded. We entertain no doubts but that Mary Ann Turner, having an estate in the premises which expired May 1, 1867, occupied by a dwelling-house, which had been placed there with the permission of the owner in fee, had an interest in the property that she could convey by mortgage. It was an interest in real estate — the right to use it for a limited time with a dwelling-house. The house and underpinning stones became attached to and a part

of that interest.  It was such an interest as could have been taken by a levy, and set off on an execution in satisfaction of a judgment against her.  " The word land or lands, and the words real estate, shall be construed to include lands, tenements, and hereditaments, and all rights thereto, and interests therein." General Statutes, chap. 4, § 8.  " Conveyances of land, or of any estate or interest therein may be by deed," &c.  General Statutes, chap. 65, § 1.  The plaintiff having a mortgage interest in the premises, such an interest as Mary Ann Turner had, as the court properly held, had the right to show it by his deed, and the proceedings to foreclose the same.

II.  The defendants excepted to the ruling of the court, refusing to dismiss the plaintiff's third count for misjoinder.  They cite *Keyes* v. *Prescott*, 32 Vt., 86, to show that trespass on the freehold and on the case cannot be joined.  The court in that case decide that a count for a penalty to recover treble damages for entering upon the freehold and cutting and removing growing trees, and a count in trover cannot be joined ; but hold that trespass on the freehold and on the case, when for the same cause of action, can be joined as authorized by the General Statutes, chap. 33, § 14.  *Alger* v. *Carey*, 32 Vt., 382.  All the counts in the plaintiff's declaration are to recover for the removal of the same dwelling-house and underpinning stones.

III.  The defendants' third exception is to the refusal of the court to direct a verdict for the defendants, " for the reason that there was no proof in the case supporting either count of the declaration."

The plaintiff proved that he had a mortgage of the premises from Mary Ann Turner, and that he had foreclosed the same just as he alleges in the third count in the declaration, and gave evidence tending to show that the defendants entered upon the premises covered by his mortgage, and removed the dwelling-house and underpinning stones.  This exactly supported the third count in the declaration as was held by the court.  This disposes of all the questions actually raised by the exceptions.

IV.  The counsel upon both sides have discussed the case as though the defendants' third exception was in regard to the right

of the plaintiff to maintain an action against the defendants, under the conceded facts in the case. We will, therefore, consider it from that point of view. The defendants insist that the plaintiff, having only a mortgage interest in a leasehold estate, cannot maintain this action against them, who have proceeded under the statute to condemn, and pay for, the interest of the owner in fee, and of the lessee. Can they justify the removal of the dwelling-house and underpinning stones, under either the right of the owner of the fee, or the right of the lessee ? They cannot justify under the right of the owner of the fee. He had parted with his right to use and occupy the premises to the lessee, and could not have entered and removed the house and underpinning wall till the expiration of the lease. The defendants understood this, and, therefore, had their commissioners award damages to the lessee, because they took her unexpired term of the leasehold estate, and compelled an immediate removal of the house. The defendants stand no better than the owner of the fee, while justifying under his rights. They cannot justify under the rights of the lessee. The decree of foreclosure establishes that the condition of the mortgage had been broken. Upon the happening of that event, at law the interest of the lessee in the premises became absolutely vested in the plaintiff, and the plaintiff had a right to the immediate possession of the premises. Thereafter the mortgagor holds as tenant of the mortgagee, whether as tenant at will, or at sufferance, or as tenant by mortgage, matters not. 2 Wash. Real Property, 517, 518. In *Moore, adm'r,* v. *McGuire,* 4 Vt., 327, the court held that if a mortgagee, after condition broken, assign the mortgage, and the mortgagor cut timber and leave it upon the premises until after the assignee takes possession, the mortgagor cannot maintain trover against the assignee for using the timber. The court says : " Upon this state of facts, the said intestate was a wrong-doer in cutting the timber, and he could gain no title to it against the defendant, who was then owner as mortgagee, with a right of possession, by such wrongful cutting. The said intestate's right to possession, under our statute, had ceased with the arrival of the pay-day without payment. His possession, when he cut the timber, was a mere tenancy at will." In *Lull* v. *Mathews,*

19 Vt., 322, the court held that the purchaser of wood at a sheriff's sale, cut on the mortgaged premises by the mortgagor after condition broken, and suffered to remain on the premises till after the day of redemption expired, obtained no title to the wood against the mortgagee ; that the mortgagor was a wrong-doer in cutting the wood, and acquired no title to it, and that the purchaser, by the sale, obtained only the mortgagor's title. In *Langdon* v. *Paul*, 22 Vt., 205, the court, upon full consideration, held that the mortgagee could maintain an action on the case, in the nature of waste, or of trover, against the mortgagor, for timber cut on the mortgaged premises after a decree of foreclosure, and, before the expiration of the time limited for redemption. Mr. Washburn, in the first volume of his work on Real Property, p. 529, states the same doctrine. He says : " And although a mortgagee may not have a technical action of waste against the mortgagor in any case, he may have trespass ·*quare clausum* for any act done by him or his authority, essentially impairing the inheritance, such as cutting timber, tearing down houses, fixtures, and the like, though trespass will not lie against the mortgagor, or his tenant, for any acts of occupation done by either, before entry made by the mortgagee, though after condition broken ; nor will assumpsit lie for rent in such a case." By these authorities, if Mary Ann Turner, the lessee of Mr. Seymour, and mortgagor of the plaintiff, had removed the house and underpinning wall, under the facts which the jury have found existed, at the time the defendants removed them, the plaintiff could have maintained an action of trespass *quare clausum*, or an action on the case in the nature of waste, against her for such removal. How do the defendants, justifying under her rights, stand any better than she would ? We are unable to find any better reason for protecting them, though they are the representatives of a corporation, than for protecting the woman in whose rights they have removed the house and underpinning wall. The defendants rely considerably upon the provisions of sec 17 of ch. 28, of the Gen. Statutes, which requires the commissioners to give twelve days notice to the " occupants or owners of the lands to be appraised," and aver that they have complied with this statute. Can it be held, that if they give notice

to the occupant, and not to the owner, and appraise and pay the damages to the occupant, the owner is without remedy ? We think not. The plaintiff was the owner of the house and underpinning wall, and of the leasehold interest in the premises. The commissioners have given him no notice, awarded him no damages; neither have the defendants paid him any. Sections 21, 22 and 23 of the same chapter, point out a method of procedure for the protection of the defendants, where the owner is unknown, " or where there are conflicting claims to the title, or where such lands are encumbered by mortgages, attachments, or levy of execution, or otherwise." The defendants did not resort to this plain provision of the statute to protect themselves, but appraised the leasehold estate to the wrong person, and paid the damages to the wrong person. As regards the plaintiff, the owner, they entered the premises, removed the house and underpinning wall, without notice, or appraisal of damages, or the tender of compensation by way of damages, and were wrong doers.

Judgment of the county court is affirmed.