## Case No. 2,045.

### In re BRUCE.

[9 Ben. 236;[1] 16 N. B. R. 318.]

District Court, D. Vermont. Oct. Term, 1877.

MORTGAGE—PROPERTY TAKEN FROM THE PREMISES —CROPS—BANKRUPTCY—ASSIGNEE'S EXPENSES.

1. Where a mortgagee, after condition broken of his mortgage, which was valid under the bankrupt law, and covered a large part or all of the real estate of the bankrupt, notified the marshal and the assignee of the bankrupt when they took possession of certain wood, logs and timber that had been removed from the premises by the mortgagee, and certain grass and crops unharvested, that he claimed the whole under his mortgage, *held*, that the mortgage lien was extensive enough to cover the wood, etc., whether on the premises or not, and the crops, if he had chosen to enter and take them after condition broken, and that the marshal and assignee must be considered as taking possession of them for him.

2. That the reasonable expenses of securing this property might be allowed to the assignee, and on payment thereof by the mortgagee the property might be delivered to him.

[In bankruptcy. The assignee and James W. Brock, mortgagee of land belonging to the bankrupt, William Bruce, submitted an agreed case for the determination of the court as to who was entitled to certain products of the mortgaged land, and the court made an order in favor of the mortgagee.]

C. H. Pitkin, for Brock.

S. C. Shurtleff, for assignee.

WHEELER, District Judge. From this special case submitted to the court by the assignee of James W. Brock, it appears that Brock is a mortgagee of a large part or all of the real estate of the bankrupt, with condition of the mortgage broken before the proceedings in bankruptcy; that at the commencement of the proceedings there was a quantity of bark, wood and timber on the mortgaged premises, and of logs a short distance from the premises, all severed therefrom by the mortgagee, and grass and other crops standing thereon unharvested; that the mortgage estate is inadequate security, and the mortgagee notified the marshal when he seized the property of the bankrupt, and the assignee when he took possession of it, that he claimed the whole; and that this property and its expenses have been kept separate from the estate. Both claim title to it, and their rights to it are submitted for determination. There is no pretence but that the mortgage is valid against the provisions of the bankrupt act, nor but that the assignee took precisely the same estate that the bankrupt as mortgagor had. After condition broken, the mortgagee, as against

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

the assignee, standing in the place of the mortgagor, had the right to all the bark, wood and timber cut from the premises, whether on them or not, and could have maintained an action of trover for it. Langdon v. Paul, 22 Vt. 205. This shows that the mortgage lien is extensive enough to cover all this property, and that lien is saved by the provisions of the act.

And after the law day had passed, the mortgagor held possession subject to the right of the mortgagee, which was a right to enter and take possession of the land and all crops, even of those that would be emblements in cases of tenancy where the rules of law relating to emblements would be applied. 1 Washb. Real Prop. (1st Ed.) 515. In this case it does not appear whether the crops are such as would be denominated emblements or not, for none are specifically mentioned except the grass crop, and that, because it would not require annual sowing, would not be. But if some of the other crops are such as would be sown or planted annually, and would be emblements, it would make no difference, for the mortgagor as tenant of the mortgagee is not entitled to emblements. Id. 106. So the lien by the mortgage was broad enough to cover all these crops if the mortgagee chose to enter and take them, although if taken by the mortgagor before such entry, or some equivalent, he would not be accountable to the mortgagee for them. The timber cut from the land would be a part of the inheritance, and would belong to the mortgagee as a part of the estate after severance, while annual crops, emblements or not, before severance would be a part of the estate, but afterwards not, and only a part of the profits belonging to the mortgagor. Walker v. King, 44 Vt. 601.

In this case the mortgagee did not actually enter and take the crops, and could not without disturbing the possession of the marshal and assignee, but he went as far in that direction as he lawfully could. He made claim of them in respect to this right, and as they kept the possession and took the crops after that, and still hold them, they must hold them subject to his right to take them, and be considered as taking them for him. As the assignee stands as having taken them for him, the expense attendant upon the taking should be borne by him. Therefore, let an order be entered that James W. Brock is entitled to this property for the security of his mortgage debt, subject to the claim of the assignee for his reasonable expenses about securing it, and that the assignee deliver the same to him on payment of such expenses, to be ascertained by the resister, unless agreed to, or redeem his mortgage.