## LEONARD L. LUCE *vs.* ALBERT G. AMES.

### Franklin.　Opinion December 17, 1891.

#### *Replevin. Building. Real Property.*

A land owner may maintain an action of replevin for a building of his which the defendant has begun to move from his land.

There is in such case a severance of the building from the realty, so far as the defendant is concerned.

ON REPORT.

Replevin of a stable or wooden building which the defendant attempted to remove from the premises of the plaintiff. The defendant denied the taking and for a brief statement alleged, that at the time of the supposed taking the said stable was not the property of the plaintiff but was then the property of the defendant; that if not the property of the defendant then it was the property of Woodcock and Ames, whose agent the defendant then was and as whose agent he then acted, &c., and said property at the time of the supposed taking was real estate and not capable of being the subject of replevin.

*E. O. Greenleaf*, for plaintiff.

*H. L. Whitcomb*, for defendant.

EMERY, J. The plaintiff became the owner by deed of a parcel of land upon which was a small wooden building. The defendant entered upon the land and began to remove the building from the land, and had moved it nearly off the land, when the plaintiff replevied it. The building at the time of the service of the replevin writ lay about one fourth on the plaintiff's land.

The evidence clearly showed that the plaintiff was the owner of the building as well as of the land, and that the defendant made no claim to the land. The only defense now made is that the plaintiff cannot have redress by means of a writ of replevin. The argument is that the building was a part of the realty, and that the action of replevin is not available to redress an injury to real estate.

It is clear, however, that after the defendant had begun moving the building with the intent to remove it entirely from the land, he had severed it from the land and made it personal property so far as he was concerned. If one cut and remove trees from the land of another, redress can be had for the removal of the trees as personal property, as well as for cutting them down as part of the real estate. *Moody* v. *Whitney*, 34 Maine, 563 ; *Whidden* v. *Seelye*, 40 Maine, 247. The starting the building from its place with the intent to remove it wholly from the land, is as much a severance from the realty as is the cutting of trees. *Harlan* v. *Harlan* 15 Pa. St. 507 (53 Am. Dec. 612) ; *Langdon* v. *Paul*, 22 Vt. 205 ; *Sanders* v. *Reed*, 12 N. H. 558. Whenever trespass *de bonis* or trover will lie for the removal of property, replevin can also be maintained. *Sawtelle* v. *Rollins*, 23 Maine, 196.

> *Judgment for the plaintiff. Damages assessed at ten dollars.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.