ISAAC P. MORGAN, DAVID McCAINE, DANIEL McCAINE AND WILLIAM B. BROWN *v.* DANIEL TARBELL, JR.

*Change of partners. Application of payments.*

Where a change takes place in a copartnership by the addition of a new member to the firm, and the balance of an account against a customer, which accrued before the change, is carried forward and treated as a part of the account of the new firm, to whom payments are made, which are applicable to their account generally, the payments so made, if the rights of third persons or sureties are not involved, will be applied in satisfaction of the old balance, and not of the account accruing while the payments are being made.

BOOK ACCOUNT. The auditor reported the following facts.

Previous to the 26th of March, 1852, the firm of Morgan, McCaine & Co. consisted of the plaintiffs Morgan and the two McCaines. At that date the plaintiff Brown became a member of the firm by purchasing one-fourth of their property, debts and dues, (the name of the firm remaining unchanged,) and continued a member till the 23d of February, 1853.

The firm of Morgan, McCaine & Co., (as it was composed prior to the 26th of March, 1852,) and the defendant, settled and closed their mutual accounts up to December 1st, 1851, and upon that settlement, the defendant gave his notes for the balance then due.

The charges exhibited by the plaintiffs from December 1st,

1851, to March 26th, 1852, amounted to $575.88, and the credits to the same time amounted to $180.03; the charges from March 26th, 1852, including that day, to February 23d, 1853, amounted to $706.02, and the credits within the same time amounted to $735.54.

For a considerable time before the first date in the account presented by the plaintiffs, the firm of Morgan, McCaine & Co. had, at the suggestion and request of the defendant, monthly, at the end of each month, drawn off the defendant's account as it stood on the day-book for that month, and delivered it to the defendant's book-keeper, to be looked over, and errors noted and corrected; and then it was handed back to Morgan, McCaine & Co., and entered on the ledger by aggregating the items; the account being balanced, and the balance of debt or credit entered as the first item on the ledger, in the account for the next month.

This practice of drawing off and furnishing the defendant's account, and making up the account on the ledger, was followed until the deal embraced in the account, presented by the plaintiffs in this case, ceased. At the time of the settlement, December 1st, 1851, the parties examined the account as it stood on the books up to that time, but there was no evidence that the defendant saw the books of Morgan, McCaine & Co. after that time. The account was balanced on the ledger, March 25th, 1852. On the next day William Brown became partner as before stated, and a new ledger, called No. 2, was then commenced, and the balance of debt, as it stood on the 25th of March, as above stated, was charged as the first item against the defendant on ledger No. 2, in the same manner that it had been entered and kept on the former ledger. Brown resided in Boston, Mass., during all the time of the defendant's deal with either of the firms above named, and took no open and active part in the business of Morgan, McCaine & Co. while he was partner, and there was no evidence tending to show that the defendant, during that time, knew that he (Brown) was a member of said firm of Morgan, McCaine & Co.

The credits to the defendant were entered, from time to time, as they accrued. No special direction was given, as to any application to be made of them at the time they accrued, nor at any other time prior to bringing the suit; nor was any application made

by Morgan, McCaine & Co., except by entering them on their books at the time they accrued.

Upon the facts thus found, the plaintiffs claimed that they were entitled to recover the balance of all the charges over the amount of all the credits.

The defendant claimed that the present plaintiffs were entitled to be allowed only the charges which accrued while Brown was a member of the firm, and that the payments constituting the credits went in discharge of the accounts of the parties constituting the firm at the time the credits accrued.

The county court, May. Term, 1855,—UNDERWOOD, J., presiding,—rendered judgment for the plaintiffs for the balance due upon the entire account presented by them, comprising the charges and credits which accrued both before and after Brown became a member of the firm.

Exceptions by the defendant.

*J. S. Marcy* for the defendant.

When a new partner is admitted into an old firm, and the old partnership name is continued, the new partner is not liable for the prior debts of the firm. *Hart* v. *Tomlinson,* 2 Vt. 101.

Those only can be joined in the suit as plaintiffs, who were partners at the time the goods were sold; one becoming a partner afterwards cannot be joined, though by agreement of the partners he was to have a share of the profits of sales made previously. 1 Swift's Dig. 347. Story on Part. 365, and cases there cited. Col. on Part. 387.

Without the assent of the debtor, the account of one firm cannot be transferred to another, so as to enable the latter to maintain a suit upon it. Story on Part. 364.

*D. C. Denison* for the plaintiffs.

I. The incoming partner may join in a suit to recover both old and new debts, when the account has been stated by the parties, including, in the stating, both old and new account. Coll. on Partnership 388.

Of course, where there is any contract or agreement, that the old account may be balanced by transferring it to the new account, the new partnership may, and probably must sue. *Bradley et al.*

v. *Richardson et al.* 23 Vt. 720. *Eaton et al.* v. *Whitcomb*, 17 Vt. 641.

The account here was rendered and balanced monthly, and all errors corrected, and balance carried to the new account. This was done several times after Brown came into the firm, including all the old account. An account rendered and acquiesced in is an account stated. *Tharp* v. *Tharp*, 15 Vt. 105.

II. The credits will be applied by the law to cancel the first items in the account. Payments made, generally, are considered payments made in discharge of the earlier items. Chitty's Contracts 648.

The opinion of the court was delivered by

ISHAM, J. It appears, from the report of the auditor, that Brown became a partner in the firm of Morgan, McCaine & Co., in March, 1852; and at that time there was a considerable balance on account due from the defendant. Brown continued as a partner until February, 1853, when he sold back his interest to the other members of the firm. On the account which accrued while Brown was one of the firm, there was a small balance due from the plaintiffs to the defendant, provided the payments made during that period are applied on the charges which were then made. The present plaintiffs, it is obvious, are not entitled to the judgment which they have recovered, unlesss the payments made during that time, are first to be applied in satisfaction of the balance which was due from the defendant in March, 1852. In that event, the balance, as reported by the auditor, is due from the defendant to these plaintiffs. The change in the members of the firm, by the introduction of Brown as a partner, produced no alteration in their mode of doing business ; the business was continued in the name of Morgan, McCaine & Co. while this account was accruing. During that time Brown was a resident of Boston, in Massachusetts, and took no open or active part in the business of the firm. It was certainly competent for the plaintiffs to have kept the balance due them in March, 1852, distinct from the account which subsequently accrued, and if, in that manner, the continuity of the account had been broken, a general payment should be applied in satisfaction of the subsequent account; such would be the presumed intention of the parties from that circumstance.

*Simpson* v. *Ingham*, 2 Barn. & Cres. 65. *Logan* v. *Mason*, 6 Watts & Serg. 9. This account, however, was not so kept. It was at the request of the defendant that, for some time before the commencement of this account, and consequently before Brown became a partner, the plaintiffs were in the habit of making monthly statements of the account, as it stood on the day-book, and when examined and corrected by the defendant, the aggregate amount was carried forward to the account for the next month. In that manner the account was balanced in March, 1852, and the balance made the first item of charge in the succeeding month, the same as if there had been no change in the members of the firm. The payments during that period were generally on the account, and for the purpose of paying or reducing the general balance, as no other application of those payments was requested at that time by the defendant. This account, therefore, by the mutual understanding of the parties, has been kept as a continuous, open and current account from its commencement to its close. The balance due in March, 1852, has thereby become blended with the subsequent account between these parties, as if no change in the firm had been made. If the firm had continued the same as it existed previous to March, 1852, no one would question the rule that the payments should be applied to the charges in the order of time in which they were made. The earliest charges are the first to be extinguished by the application of such payments, unless a different application is directed by the debtor at the time of payment. In *Clayton's case*, 1 Merivale 608, it was observed by the master of the rolls that " there is no room for any other appropriation than that which arises from the order in which the receipts and payments take place, and are carried into the account. It is the first item on the debit side of the account which is discharged or reduced by the first item on the credit side. Upon that principle all accounts current are settled and particularly cash accounts." In 1 Am. Lead. Cas. 299, the same rule is recognized, and it is further observed that " this rule will apply to accounts with a partnership, of which there is some change in the members, provided the account goes on as one continuous, open and current account." The case of *Bodenham* v. *Purchas*, 2 Barn. & Ald. 39, is a strong case upon this subject, and very analagous to this in its facts. In that case a bond was

given to a firm, conditioned for the repayment of the balance of an account, and of such further sums as should be advanced to the obligor. One of the partners died, and a new partner was taken into the firm ; at that time a considerable balance was due from the obligor to the firm ; advances were afterwards made by the firm, and payments made to them, on account, by the obligor, and he was credited by the new firm with the several payments, and charged with the original debt and advances, as constituting items in one entire account. It was held, that as the old balance was not treated as a distinct account, but having been carried forward and blended in the general account with other transactions, they were not at liberty, at a subsequent period, to treat it otherwise ; and that having received, in different payments, a sum more than was sufficient to pay the debt, when the change in the firm took place, the bond was considered as paid. If the rights of third persons or sureties were involved in this matter, or if, for any other reason, the plaintiffs in this case were now desirous of separating that balance, and applying the payments in satisfaction of the charges made after Brown became one of the firm, it is clear, from the authorities, that they would not be allowed to do it. Having carried the balance due in March, 1852, forward, and added it to the amount of the succeeding account, he has not only the right, but would be compelled, even against his interest, to have that balance satisfied by the application of the subsequent payments which were made on the account. *Smith* v. *Wigley,* 3 Moore & Scott 174. *Simpson* v. *Ingham,* 2 Barn. & Cres. 65. *Henniker* v. *Wigg,* 4 Adol. & Ellis, N. S. 792. In *The United States* v. *Kirkpatrick,* 9 Wheat. 737, it was said by the court that, if both parties omit to make an application of payments, "the law will apply them according to its own notions of justice," and in making that disposition, regard will be had to the character of the claims, the rights of sureties, and all circumstances showing the intention of the parties. *United States* v. *Wardell,* 5 Mason 82. *Field* v. *Holland,* 6 Cranch 27. Smith Mer. Law 636–7–8. 2 Greenl. Ev. This case not involving any of those considerations, affecting the rights of third persons or sureties, we think it must be governed by the rule as established in the case of *Bodenham* v. *Purchas.*

The judgment of the county court is affirmed.