## COUNTY OF RUTLAND,

##### AT THE

#### FEBRUARY TERM, 1858.

---

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.
HON. LUKE P. POLAND, ⎱
HON. ASA O. ALDIS, ⎰ ASSISTANT JUDGES.
HON. JOHN PIERPOINT, ⎰

---

WRIGHT & AINSWORTH *v.* D. H. LAKE.

*Rights of mortgagor and mortgagee.*

The mortgagee of land cannot recover in trover of 'the mortgagor or his tenant, for wood cut thereon in good faith for the purposes of firewood, before condition broken, though the wood be not removed from the land by the mortgagor or his tenant, until after the title has become absolute in the mortgagee by foreclosure, and though the mortgage debt exceed the value of the land.

TROVER for twenty cords of wood; plea, the general issue, and trial by jury.

It appeared from the evidence that the wood in question was cut by the defendant for his firewood, on a farm which he was occupying at the time, as the tenant of one Fairman. The wood was cut and prepared for the fire in the fall season of 1854, and before any part of the mortgage debt hereinafter referred to fell due, in good faith on the part of the defendant, and in contemplation and under contract with said Fairman for a continuance of the tenancy under him. The plaintiffs held a mortgage of the farm from Fairman, and in February, after the wood was cut, a portion of the mortgage debt having fallen due and not being paid, they brought their bill for a foreclosure, and at the March Term, 1855, obtained a decree limiting the time of redemption to the 1st day of the next following June, which time expired without payment, and the title to the farm thereby became absolute in the plaintiffs. The amount of the mortgage debt exceeded the value of the farm. About the 15th of May, 1855, the plaintiffs notified the defendant to quit the premises, and he immediately quit pursuant to the notice, and took away with him said wood. The plaintiffs had then taken possession of said farm and claimed said wood, and forbade its removal at the time it was so taken.

Upon these facts the court were requested by the defendant to instruct the jury that the plaintiffs were not entitled to recover; but the court refused to so charge, and directed them, *pro forma*, to return a verdict for the plaintiffs for the whole value of the wood at the time it was taken away, with interest thereon from that date. Exceptions by the defendant.

*Edgerton & Hodges*, for the defendant.

*Linsley & Prout* and *I. T. Wright*, for the plaintiffs.

The opinion of the court was delivered by

REDFIELD, Ch. J. It is now well settled in this state that after the law day is passed, the mortgagee is to be regarded as the owner of the mortgaged premises, and any timber which the mortgagor or those acting under him, cut upon the premises,

beyond necessary fuel and repairs or erections upon the premises, is to be regarded as tortiously taken, and no title vests in the person cutting such timber. The title still remains in the mortgagee the same as before the severance unless its nature is changed and it becomes no longer traceable, and the motgagee may recover its value. *Lull* v. *Mathews,* 19 Vt. 322 ; *Langdon* v. *Paul,* 22 Vt. 205.

But before the law day arrives, by the statute of this state, the mortgagee has no right of entry ; the estate is regarded as still in the mortgagor, and whatever acts he does upon the land he does as owner, and he cannot, at law, be prevented from doing acts which might substantially lessen the security. Whatever the mortgagor severs from the freehold becomes his personal property, and so if done with his permission or by his tenants for firewood, as in the present case. And it seems to us the mortgagee has no title to it.

The mortgagee cannot, even in equity, restrain the mortgagor or his assignee or tenants from using necessary firewood so long as they remain in possession. And if it be cut in good faith for that use, it is the same as if actually applied to the use. If a contingency occurs by which the party leaves sooner than he expected, or he does not require to use it, the title is not thereby divested. This would seem to be the rule in regard to necessary firewood beyond all question, if cut before condition broken. How the rule might be after, we need not now consider.

And if the plaintiffs had no title to the wood, as against the defendant, he cannot recover in the action.

The judgment is reversed and the case remanded.