### THE TOWN OF ST. ALBANS v. THOMAS FAILEY, A. O. BRAINARD, HIRAM PIERCE, AND L. FAILEY.

#### Application of Payments.

F. was the plaintiff's collector of taxes in 1868, 1869, and 1870. The tax-bills for 1870 were not put into his hands. F. having neglected to pay the state tax of 1869, the plaintiff, on the 19th of September, 1870, paid it to the state treasurer. F. paid money into the town treasury from time to time, as he collected it, without any direction or understanding as to its application, and some of it was inorsed on the tax-book of 1868, and some on the book of 1869. In August, 1870, the plaintiff took the tax-bills of 1868 and 1869, from F., and turned them over to his successor. On September 1, 1870, the amount thus paid into the town treasury by F., allowing the uncollected taxes on the bills taken from him as aforesaid, exceeded the amount·due the town treasury on said bills; but the amount receipted on the tax-bill of 1868, did not cancel the taxes for that year ; but that amount, and the amount .receipted on the bill of 1869, more than cancelled both bills. *Held*, that said payments should be applied, as matter of law, to F's then present liability and indebtedness; and that the same, being sufficient to extinguish all taxes payable into the town treasury for both years, operated as a full extinguishment of all claim upon F. for such taxes.

General payments and credits, when no application thereof is made by the parties, will be applied, as matter of law, to extinguish indebtednesses in the order of time in which they accrued.

DEBT on tax collector's bond. The defendant Brainard pleaded *non est factum*, and gave notice of special matter in defence. Trial by jury, April term, 1873, Ross, J., presiding.

The court decided that the plaintiff was entitled to recover the amount of the taxes for 1868, placed in the hands of the defendant Thomas Failey, for collection, except the abatements and collection fees, and the amount paid to the town treasurer and receipted on the tax-book of 1868, and the amount of uncollected taxes for that year which were passed into the hands of Weeks, Failey's successor, by the direction of the selectmen ; and directed a verdict for the plaintiff for the sum of $3,132.05. No question was made but that this amount was correct, if the court was right in its method of applying the payments made to the town treasurer by said Failey.

The case is sufficiently stated in the opinion.

*Edson & Rand* and *E. J. Phelps*, for the defendant Brainard.

If it is necessary to discriminate between the taxes of different years, in the application of these payments, the rule of law on the

subject is perfectly settled. Made as they were upon general account, they will be applied to the items in the account in the order of time in which they occurred. This rule was established in Clayton's case, 1 Meriv. 572. And such was also the civil law. *Stoveld et al.* v. *Eade*, 4 Bing. 154. In *Field et al* v. *Carr*, 5 Bing. 13, the court says: "The rule in Clayton's case has been adopted by all the courts in Westminster Hall. It is undoubtedly open to the party to show a payment on account of the particular bill. But in the absence of proof of any such application of the sums paid in, the first payments must be applied to the discharge of the paid debts." See also *Bodenham* v. *Purchase*, 2 B. & Ald. 39. The decisions of the United States supreme court are to the same effect. *United States* v. *Kirkpatrick*, 9 Wheat. 700; *Jones* v. *United States*, 7 How. 681. And the supreme court of this state has adopted the same rule. *Shedd et al.* v. *Wilson et al.* 27 Vt. 478; *Pierce, Clark & Co.* v. *Knight*, 31 Vt. 701. This rule would of course apply the payments, so far as necessary, to the extinguishment of the indebtedness of Failey to the plaintiff, first in respect to the taxes of 1868, being the first items in the claim, and next to those of 1869. The fact that the receipts were taken on the tax-books of 1869, is of no significance. The taking of the receipts in that book, was not *ipso facto* an application of the payments, in the absence of any intention of the parties to that effect.

But even if these receipts operated in themselves an application of the payments to the taxes of 1869, the amount so receipted is more than double the entire amount of taxes contained in that book. The surplus was sufficient after paying the amount due on the taxes of 1869, to pay also that due on those of 1868. Upon what possible ground can this surplus, instead of being applied on that existing indebtedness, be carried forward in anticipation of a contingent indebtedness in the next year, when no idea of such an application existed on either side when the payments were made?

. 58

*Davis & Adams* and *Noble & Smith*, for the plaintiff.

The presumption is that the sums collected and paid over during the years 1869 and 1870, were derived from taxes collected on the list of 1869. There clearly could be no presumption that they were collected and paid over on the taxes of 1868, and there is no proof to that effect. In the absence of both presumption and proof, the court will not disturb the verdict, to make the application in this case. Failey was re-elected collector for 1869 and 1870. The law required that he should give a bond, with sureties, for each of those years, and he is presumed to have done so. The sureties for the latter years are interested in the disposition that is made of the money collected and paid over during those years. They are entitled to be heard, before any of the money presumed to have been collected on the tax-bills of those years, and actually paid and receipted thereon, is applied elsewhere. The usual rule of the application of payments to the earliest indebtedness, does not apply in this case. It only applies when the parties interested in the application are the same. The sureties upon the several bonds, are the parties interested in the application of these payments. They are not shown to be the same in each case. The burden is upon the defendants to make this showing, if they would claim the benefit of the rule. This rule has not, in any event, any application to this case. Failey was a public officer, and it was his duty to apply the money which he collected upon the proper tax-bills. If he failed to do so, the law will make this application.

The only question in this case is one of application of payments. The court below decided that the money receipted upon the tax-book of 1869, ought not to be applied for the benefit of the defendants; and this court will not reverse this decision, unless error in law be affirmatively shown; but will make all reasonable intendments to sustain it.

Even if there was no actual application of the payments upon the tax-bills of 1869; yet, as the facts in the case tended to show that the funds with which those payments were made, were derived from the taxes upon the list of 1869, the judgment of the county

court will be sustained, upon the ground that it was based upon such finding.

The opinion of the court was delivered by

REDFIELD, J.   This action is upon the collector's bond of defendant Failey, and others as his sureties, and the alleged breach is the not collecting and paying over to the town treasurer the several sums specified in the rate-bills of the year 1868.  Failey was the collector of taxes, duly elected, for the years 1868, 1869, and 1870.  The tax-bills for the latter year were never put into the hands of said Failey.  On the 19th of September, 1870, Failey having neglected to pay the state tax assessed on the list of 1869, the town of St. Albans paid said tax to the state treasurer, amounting to the sum of $5,676.37.  Failey paid into the town treasury, from time to time as he collected, and took the treasurer's receipt for the same, without any direction or understanding as to the application.  Some of these receipts were written on the blank leaves of the rate-book for 1868, and some in like manner on the book of 1869.  In August, 1870, the authorities of the town took the tax-books from said Failey for both years, with uncollected taxes thereon, and delivered them to Weeks, who succeeded Failey as collector.  On the 1st of September, 1870, the amount paid into the town treasury by Failey, allowing the uncollected taxes turned over to Weeks, exceeded the amount due the town treasury, on both tax-bills, for 1868 and 1869.  But the amount receipted on the tax-book for 1868, did not cancel the taxes for that year.

I.   The payments of the collector, into the treasury of the town, would be applied, as a matter of course, in liquidation of his then present liability and indebtedness ; and such payments being sufficient to extinguish all taxes payable into the town treasury for both years, operated as a full extinguishment of the claims upon the collector for such taxes.  The mere fact that the receipts were written on the blank leaf of the tax-book of 1869, when no application of the payment was directed or made, is of little importance.

II.   The rule is well settled in this state, and in the United

States supreme court, as well as in England, that general payments and credits will be applied to extinguish indebtednesses in the order of time in which they accrued. And when the rights of sureties are involved, the court would be more stringent in enforcing this rule, as it is deemed just and equitable.

The authorities are fully collated, and the rule of law very clearly stated, by ISHAM, J., in *Morgan et al* v. *Tarbell*, 28 Vt. 498. See also *Pierce, Clark & Co.* v. *Knight*, POLAND, J., 31 Vt. 701.

Judgment reversed, and cause remanded.