## HEMAN WILKINSON'S ADMR. *v.* LEWIS H. WILKINSON.

*Referee.   Motion  to  Recommit.   Conclusiveness  of  Finding.
Statute  of  Frauds.   Delivery  and  Acceptance.*

1.  A motion to recommit the report of a referee is addressed to the discretion of the County Court, and the action of that court cannot be revised in the Supreme Court.

2.  When there is any evidence before a referee from which his findings are legally inferable, those findings will be conclusive.

3.  A delivery to and acceptance by tenants in common will support proof of a sale to one of them under the statute of frauds.

4.  Intestate died possessed of a farm and farming tools, in the occupancy and use of which the widow and family, of which defendant was one, continued.  In November plaintiff claimed that he sold the tools to defendant.  The following May the estate was settled and decree of distribution made, under which widow and defendant continued to occupy the farm.  In carrying it on they used the tools.  *Held*, that from this state of facts referee might find a delivery and acceptance.

This was an action of general assumpsit.  Pleas, the general issue and offset.  Heard at the December Term, 1887, Tyler, J., presiding, on referee's report, exceptions thereto and motion to recommit.

The following is the material part of the referee's report:

"Plaintiff is the administrator of the estate of Heman Wilkinson, who died September 20th, 1883, leaving surviving him a widow and nine children, all of age, of whom Lewis H., the defendant, is the oldest.  The deceased, at the time of his death owned a farm situate in the town of Bridport, on the shore of Lake Champlain, and a ferry boat which plied between the opposite shores of said lake, under a franchise known as the Port Franklin Ferry, owned by his son Lewis H., the defendant.  After intestate's death the widow, the invalid daughter, son by the name of Leman and the defendant continued to reside upon said farm.  In May, 1886, the widow's dower and homestead were set off and the balance of said farm was distributed among

said children, about five acres falling to the share of defendant. And since said last mentioned date said land has been carried on in common by the widow, defendant and other children.

Plaintiff claims that on the 30th day of November, 1885, he sold to the defendant a lot of farming implements and tools belonging to said estate and on said farm for the agreed price of $64.50, and I find that such sale was agreed upon. Said implements and tools have hitherto continued in use upon said farm by and for the benefit of said widow, said defendant and the other children in carrying on said farm. No part of the consideration has been paid by defendant and no other delivery of said implements was made to defendant by plaintiff other than what results from the foregoing facts."

To this report the defendant filed exceptions and moved to recommit. The court denied the motion, overruled the exceptions, and gave judgment for the plaintiff in the sum of $76.38, and costs. Exceptions by the defendant.

*Tupper & Bliss*, for the defendant, cited, as to the effect to be given to the findings of the referee, *Burdick* v. *Chaplain Glass Co.*, 11 Vt. 19; *Thayer* v. *Central Vt. R. R. Co.*, 60 Vt. 217; 3 Graham and Waterman on New Trials, 1305; and upon the point that there was no delivery and acceptance, 1 Benj. on Sales, 168; 1 Benj. on Sales, s. 173; *Couillard* v. *Johnson*, 24 Wis. 533; *Brown* v. *Warren*, 43 N. H. 430; *Edan* v. *Dudley*, 1 Q. B. 306; *Lillywhite* v. *Devereux*, 15 M. & W. 285; 1 Benj. on Sales, 162, note 2, and cases cited. *Green* v. *Merriam*, 28 Vt. 801; *Gorham* v. *Fisher*, 30 Vt. 428; *Montgomery* v. *Ricker*, 43 Vt. 165.

*Stewart & Wilds*, for the plaintiff.

The evidence before the referee tended to prove the facts found by him, therefore his findings are conclusive. *Riley* v. *Noyes*, 44 Vt. 455; *Thayer* v. *Central Vt. R. R. Co.*, 60 Vt. 217.

There was a delivery and acceptance. Bro. St. Fr. s. 321.

The opinion of the court was delivered by

POWERS, J. The error, if any, of the County Court in refusing to recommit the report to the referee, is not revisable here. It was a discretionary matter with that court to decide whether to recommit or not. *Fuller* v. *Wright,* 10 Vt. 512, and many other reported cases.

The report is somewhat barren of facts relating to the sale of the farming tools to the defendant. In determining the question whether there was a delivery and acceptance sufficient to satisfy the statute of frauds, the referee might draw such inferences as legitimately arose from the facts proved, and if the court can see that the facts and inferences fairly deductible from them would justify the referee's conclusions, the judgment must be affirmed.

It appears that the plaintiff was administrator of Heman Wilkinson, who died the owner of a farm with the farming tools in question upon it and a ferry boat.

As such administrator he would have the legal possession of the farm and tools during the settlement of the estate. While the widow and family, including the defendant, pending the settlement of the estate were residing upon the farm, carrying it on and using said tools for that purpose, the legal control and possession of both farm and tools was in the plaintiff, precisely as it had been in Heman before his death. The plaintiff's evidence tended to show that on the 30th of November, 1885, in order to close up the estate, the plaintiff sold the farming tools to the defendant and in May, 1886, the widow's homestead and dower were set out and the balance of the estate distributed among the heirs. It is not affirmatively found that the administration was closed, but it is fairly inferable that a decree of distribution over the farm and tools had passed, as the referee says that since May, 1886, "the land has been carried on in common by the widow, defendant and other children."

Since May, 1886, the plaintiff has had no actual nor constructive possession of the tools and the defendant, as one of the occupants of the farm, has had the benefit at all events of the

use of the tools upon the farm. The set off of five acres to the defendant in the distribution of his father's estate is not decisive of the defendant's interest in the farm. If the widow and heirs elected not to occupy their shares in severalty, but all to occupy the whole farm in common, carrying it on after the manner of tenants in common, each contributing as he was able to the joint expense of family support and all using the products of the farm in the family living without accountability as between themselves, they became to all legal intents as between themselves tenants in common, of the farm and of the farming tools used in carrying it on. The referee therefore could properly say upon this state of facts disclosed in the affidavits of counsel that the tools have been used by the defendant or for his benefit, which is the same thing.

We think the surrender of the legal control of the farm and tools by the plaintiff as administrator to the defendant, his mother and other heirs by virtue of the decree of distribution and the taking of the same and carrying on thereof by all in common was a sufficient delivery by the plaintiff and acceptance by the defendant to make the sale of the tools in November, 1885, enforceable under the statute of frauds as in such case the possession of all is the possession of each and the use by any is the use by all.