CATHERINE ATKINS *vs.* GEORGE ATKINS and ALFRED
ATKINS, exrs., et als.

May Term, 1899.

Present: ROWELL, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 21, 1899.

*Application of Payments.*—The rule is well settled in this State that
general payments and credits will be applied to extinguish indebtednesses
in the order of time in which they accrued.

CHANCERY.  At the March term, 1899, Chittenden county,
before *Taft,* Chancellor, the case came on for hearing under
a mandate of the supreme court and the report of the
master filed in pursuance thereof; whereupon it was
adjudged that the oratrix recover of the defendant the sum
of $4,719.96 with interest since March 8, 1899, which the
defendant was to pay within sixty days with costs, and in
default thereof the notes and mortgage described in the bill
were to become the property of the oratrix in payment
*pro tanto* of the sums decreed.  The oratrix appealed.

One contention of the oratrix was that the payments
applied by the Chancellor in reduction of her claim should
have been treated as payments toward her share as legatee
in the estate of Hiram Atkins.

*C. G. Austin* and *H. A. Burt* for the oratrix.

*Dillingham, Huse & Howland* for the executors.

THOMPSON, J.  This case does not involve the settlement
of the estate of Hiram Atkins, deceased, now pending in the
probate court.  Whatever may be the rights of the oratrix in
the settlement of that estate, it is left for that court to
determine.

The right of the oratrix to the $5000 received on policy
No. 156,000 issued by the New York Life Insurance

Company and to $684.94 received on policy No. 4967 issued by the National Life Insurance Company, and the manner in which the defendants should account therefor, was determined when this case was before this court as reported in 70 Vt. 565.

The only question for decision is as to how payments shall be applied which were made by the defendants to the oratrix, without any direction as to their application, and which have not been applied. From the time the defendants received on said policies the sums of money held to belong to the oratrix such sums were due and owing from them to her. They were the first indebtedness in order of time, if any other existed, from them to her. The rule is well settled in this state, that general payments and credits will be applied to extinguish indebtednesses in the order of time in which they accrued. *Morgan* v. *Tarbell*, 28 Vt. 498; *Pierce* v. *Knight*, 31 Vt. 701; *St. Albans* v. *Failey*, 46 Vt. 448. This is the rule adopted by the court of chancery in making the decree from which this appeal was taken. The decree in this respect was in accordance with the law, and upon the facts disclosed was equitable as between the parties.

> *Decree affirmed with costs to the defendants and case remanded to the court of chancery.*