MELVIN G. JEFFERS *v.* H. G. PEASE AND JOSHUA STEVENS.

May Term, 1902.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed June 3, 1902.

*Motion to recommit referee's report—Overdue mortgage—
   Constructive notice—Timber cut after condition broken
   —Application of payments.*

The overruling of a motion to recommit the report of a referee is a matter of discretion, and is not revisable in Supreme Court.

The purchaser of timber cut on premises subject to a duly recorded mortgage which is then overdue, is chargeable with knowledge of this fact.

A mortgagee may maintain trover for timber cut on the mortgaged premises after condition broken.

The mortgagee held an unsecured note against the mortgagors which represented a debt older than that evidenced by the mortgage note, and told mortgagors that he would account to them for certain timber cut on the mortgaged premises by a third person. The mortgagors gave no direction as to the application of this credit. *Held*, that the mortgagee could apply this credit on the unsecured note.

The amount of this credit, as found by the referee, being more than the amount of the unsecured note, it was proper for the court to apply thereon so much as was required to extinguish that note and the balance on the mortgage note.

TROVER for certain trees cut on land mortgaged to the plaintiff. Plea, the general issue. Heard on a referee's report and the defendants' motion to recommit the same, at the October Term, 1901, Essex County, *Taft,* C. J., presiding. Motion denied and judgment for the plaintiff. The defendants excepted.

The plaintiff held a properly recorded, overdue mortgage on a certain piece of land, from which the mortgagors cut a quantity of timber and sold it to the defendants, who paid them for it, manufactured it into lumber, and converted it to their own use. The plaintiff also held an unsecured note against the mortgagors. The plaintiff had the benefit of the timber cut by one Wyman on a portion of the mortgaged land, under an agreement with the mortgagors to account to them for it. He applied the avails of the Wyman timber on the unsecured note. The suit is brought to recover the stumpage value of the timber converted by the defendants.

*May & Simonds* for the defendants.

The motion to recommit the report should have been granted. The referee has fallen into error in certain material findings. An opportunity for correction should have been allowed.

The plaintiff claims title by virtue of a stumpage lien, reserved—not in his deed to Stevens and Gallup—but in their mortgage back to him. Such a lien is ineffective. The reservation is of "two dollars stumpage," etc. "Stumpage" relates to the sum to be paid the owner of the land by the party who has a right to enter and cut the timber. It is the price of a license. *Spofford* v. *True,* 33 Me. 283; *Blood* v. *Drummone,* 67 Me. 476. The reservation did not amount to a valid lien. *Dickerman* v. *Ray,* 55 Vt. 65; 38 Vt. 185. The record does not show that the mortgage was overdue at the time the

timber was cut. No demand was made upon the defendants, and the suit must fail on this ground. 62 Vt. 312.

The circumstances clearly show that the parties understood that the Wyman stumpage should go on the mortgage debt; therefore no other application is proper. 21 Vt. 331; *Caldwell v. Hall,* 49 Ark. 508. The intent of the debtor prevails over that of the creditor, and may appear by implication. 55 Vt. 542; 57 Vt. 647. The cutting was done with the plaintiff's consent and trover will not lie. 50 Vt. 57; 53 Vt. 145; 38 Vt. 185.

*Harry Blodgett* for the plaintiff.

The refusal of the court below to recommit the report was a matter of discretion. *Wilkinson's Admr.* v. *Wilkinson,* 61 Vt. 411; *Morse v. Beers,* 51 Vt. 359; *Fuller v. Wright,* 10 Vt. 514. The plaintiff owned the logs. He had a stumpage lien upon them, and besides his mortgage on the land was overdue. The defendants were chargeable with notice of these facts by the record of the mortgage. Trover is the plaintiff's remedy. *Wright v. Lake,* 30 Vt. 206; *Morey v. McGuire,* 4 Vt. 327; *Lull v. Matthews,* 19 Vt. 322; *Langdon v. Paul,* 22 Vt. 205; *Hagar v. Brainerd,* 44 Vt. 294.

The application of the Wyman stumpage was correct. *Smith v. Anderson,* 70 Vt. 424; *Bank v. Taylor,* 66 Vt. 574.

WATSON, J. The overruling of the motion to recommit the report was a matter of discretion, and not revisable in this court. *Wilkinson's Admr.* v. *Wilkinson,* 61 Vt. 409, 17 Atl. 795.

The record of the mortgage was constructive notice to the defendants that the land on which the logs purchased by them were cut, was encumbered by such a mortgage to secure the payment of a note to the plaintiff, of the same date as the mortgage and for $156.51 with interest annually. The defendants were thereby put upon inquiry, and they were chargeable with

knowledge that the note and mortgage were overdue; for inquiry of the plaintiff would have disclosed that fact. *Allen* v. *Gates,* 73 Vt. 222, 50 Atl. 1092.

The defendants manufactured the logs into lumber and converted it to their own use. That the mortgagee may maintain trover for wood or timber cut upon the mortgaged premises after condition broken, and converted, is well settled. *Langdon* v. *Paul,* 22 Vt. 205; *Morey* v. *McGuire,* 4 Vt. 327; *Lull* v. *Matthews,* 19 Vt. 322; *Wright* v. *Lake,* 30 Vt. 206.

The plaintiff told the mortgagors, Stevens and Gallup, that he would account to them for the lumber taken off by Wyman; but there was nothing said how or on what he would so account. The mortgagors gave no directions concerning the application. The plaintiff then held their unsecured note for $35.88, and he indorsed thereon $25, which he thought to be the value of the Wyman lumber. The referee found the value to be $40.85. After deducting therefrom the $25, the balance was applied by the County Court in full payment of the small note, and the rest upon the note secured by the mortgage. The small note represented a debt which accrued earlier than that evidenced by the mortgage note. The plaintiff had a right to apply the $25 as he did,—*Hicks' Estate* v. *Blanchard,* 60 Vt. 673, 15 Atl. 401,—and the application made by the court was in accordance with the long settled rule stated in *Atkins* v. *Atkins,* 71 Vt. 422, 45 Atl. 1037.

This being decisive of the case, there is no necessity for considering the other questions argued.

*Judgment affirmed.*