The COUNTY OF CULPEPER, VIR-
GINIA, Plaintiff,

v.

Richard W. ETTER, Trustee, et al.,
Defendants.

Civ. A. No. 2621.

United States District Court
E. D. Virginia,
Alexandria Division.
June 25, 1963.

J. L. Fray, Culpeper, Va., for plaintiff.

MacDougal Rice, Asst. U. S. Atty., Alexandria, Va., for defendants.

LEWIS, District Judge.

The question here is whether real estate titled in the names of the trustees of Bolling Air Force Base Officers' Open Mess was subject to Culpeper County real estate taxes during the period the land was so titled.

From the evidence, consisting of live testimony, stipulations and numerous exhibits, it is clear that the Bolling Air Force Base Officers' Open Mess, hereinafter called the Mess, is an unincorporated association which was organized, and is operated and supervised, under regulations promulgated by the Department of Defense and the Air Forces of the United States, for the purposes, among others, of promoting morale-building, religious and recreational programs

designed to improve the well-being of the personnel of said Departments.

The real estate here involved was purchased by the Mess on or about October 22, 1959, through a private real estate agency. Title was taken in the names of the individual defendants, as trustees of the Mess. The real estate taxes were prorated as of the date of transfer, and the trustees paid their proportionate share of the taxes to the Treasurer of Culpeper County. The usual Virginia recording taxes were paid and federal revenue stamps were affixed to the deed. Unappropriated funds and proceeds from a loan were used to finance the project.

The real estate was used by the Mess as a recreational facility for its members who were composed, in the main, of service people. Some of the memberships, however, were honorary and held by people who have never been in the armed services of the United States. The profits, if any, derived from the operation of this recreational facility, including agricultural enterprises thereon, accrued to the benefit of the unincorporated Mess. Necessary A.B.C. licenses were taken out and paid for by the Mess, and all civilian employees used on the premises paid Social Security taxes.

There is no special act of Congress or of the Legislature of Virginia pertaining to the subject real estate, and the defendants do not contend that Virginia has lost any of its jurisdiction over the real estate, except the right to assess and collect real estate taxes thereon.

The land in question was sold by the trustees to a private corporation at a profit over the original cost. Neither the money derived from this sale nor any portion of the profit on resale accrued to the direct benefit of the Government. In the deed of conveyance, the Bolling Air Force Base Officers' Open Mess is designated as an instrumentality and agency of the United States.

In determining whether a "post exchange" is an instrumentality of the United States, the Supreme Court said, in Standard Oil Company v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611:

"* * * post exchanges operate under regulations of the Secretary of War pursuant to federal authority. These regulations and the practices under them establish the relationship between the post exchange and the United States Government, and together with the relevant statutory and constitutional provisions from which they derive, afford the data upon which the legal status of the post exchange may be determined.

* * * * * *

"* * * They are integral parts of the War Department, share in fulfilling the duties entrusted to it, and partake of whatever immunities it may have under the constitution and federal statutes."

The Fourth Circuit Court of Appeals, relying on the Johnson case, held that an officers' mess is a federal agency under the Federal Tort Claims Act.[1] This Court, in Edelstein v. South Post Officers Club, D.C., 118 F.Supp. 40, speaking through Judge Bryan, said "* * * [t]he South Post Officers Club is an instrumentality of the Government, formed as a necessary adjunct to, and an integral part of, the Military Establishment of the United States. * * *"

Since the McCulloch case [2] the Courts have consistently held "* * * that properties, functions, and instrumentalities of the Federated Government are immune from taxation by its constituent parts * * *." See United States v. Allegheny County, 322 U.S. 174, 64 S. Ct. 908, 88 L.Ed. 1209. Upon these authorities, it would appear the land in suit, while titled in the names of the trustees of the Bolling Air Force Base Officers' Open Mess, was immune from taxation by Culpeper County, Virginia.

But, says the plaintiff, the United States has no beneficial interest in this

---

1. United States v. Holcombe, 4 Cir., 277 F.2d 143.

2. McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579.

land. Title was taken in the names of the trustees and was conveyed by them to the subsequent purchasers contrary to the statutory requirements for the purchase and sale of land belonging to the United States; there was no congressional appropriation authorizing the purchase of this land; the land was used by the Mess as a semi-private club and ought to be subject to the payment of real estate taxes on the same basis as other semi-private clubs similarly situated.

■ These contentions are not well taken. Naked title is not the controlling factor in determining whether the property was such property of the United States as would relieve it from liability for the payment of real estate taxes. The appropriate test, as stated in Rohr Aircraft Corp. v. San Diego County, 362 U. S. 628, 80 S.Ct. 1050, 4 L.Ed.2d 1002 " * * * turn[s] on practical ownership of the property rather than the naked legal title. This is the more necessary with respect to public property where the record title may often be in a government agency or department—or, for that matter, in an official of the Government. * * *"

■ Gauged by this standard, the land in question is not subject to Culpeper County real estate taxes. The original sales contract designating the Mess as the buyer was contingent upon the written approval of the Department of Defense. The deed of trust designates the Mess as an instrumentality and agency of the United States (the United States Air Force regulations likewise so provide). The establishment of this off-base recreation area was approved by the Department of Defense to augment recreational facilities for military officers (Bolling Air Force) stationed in the metropolitan area of Washington, D. C.

The beneficial owner of the land in question was the Bolling Air Force Base Officers' Open Mess, which was organized, maintained and operated under the regulations of the Department of De-

fense and the Air Forces of the United States. As such it was an instrumentality or agency of the United States, and as such enjoys immunity from state and local taxation.

Upon these findings and conclusions the plaintiff's suit must be dismissed. Counsel for the defendants will prepare an appropriate order, submit it to counsel for the plaintiff for approval as to form, and it will be entered accordingly.