**UNITED STATES of America**

v.

**CITY OF ROANOKE.**

**Civ. A. No. 66-C-47-R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Sept. 19, 1966.

Thomas B. Mason, U. S. Atty., Roanoke, Va., for the United States.

James N. Kincanon, City Atty., Roanoke, Va., for City of Roanoke.

## OPINION and JUDGMENT

DALTON, Chief Judge.

The plaintiff, the United States of America, seeks a Declaratory Judgment in this action pursuant to the provisions of Title 28 U.S.C. § 1345 (1962), Title 28 U.S.C. § 2201 (1959), and Rule 57, Fed.R.Civ.P.

The facts are not in dispute, as the defendant's answer admits all of the facts alleged in the complaint. The facts are as follows: On July 11, 1961, Valley Development Corporation, Roanoke, Virginia, executed a note in the sum of $250,000.00 payable to the Small Business Administration and at the same time executed a deed of trust to 9.069 acres of land, more or less, situated in the City of Roanoke, to secure payment of the note.

Valley Development Corporation defaulted on the payments for the months of June through November, 1962, and on March 8, 1963, filed a petition of bankruptcy in this court. On March 22, 1963, it filed a petition for reorganization pursuant to Chapter 10 of the Bankruptcy Act, and this petition was approved by the court.

By order dated September 27, 1963, this court directed the trustee of the 9.069 acres of land to offer it at public sale. The land was purchased by the Small Business Administration as evidenced by a deed dated December 19, 1963, recorded in the Clerk's office of the Hustings Court of the City of Roanoke, in which deed the trustee conveyed to the Administrator of the Small Business Administration, with special warranty of title, "all the right, title and interest which Valley Development Corporation had on the date of the commencement of proceedings in the bankruptcy proceeding in and to" the said real estate theretofore conveyed to Valley Development Corporation.

On November 12, 1964, the Small Business Administration contracted to sell the land in question; this sale was closed, and the property conveyed to the purchasers on July 21, 1965.

The defendant, the City of Roanoke, has assessed the Small Business Administration for real property taxes for the calendar years 1964 and 1965 in the amount of $5,869.18, plus penalties and interest. The Small Business Administration has not paid these taxes, and the United States asks in this action that the rights and liabilities of the parties with respect to the tax assessments be declared and established by the court.

It is the contention of the plaintiff, the United States, that the defendant City cannot tax the property of the United States or agency thereof without the express consent of Congress. The plaintiff further contends that no such consent that this property of its agency, the Small Business Administration, be subject to local taxes has been given by Congress.

The City contends that Congress has given its express consent that the property be subject to local taxes. The City directs the court's attention to 15 U.S.C. § 646 (1963) and 28 U.S.C. § 960 (1949), alleging that one or the other, or both of the statutes, is a direct expression of consent by Congress that the immunity from taxation be waived. The defendant City concedes that the plaintiff must prevail in the event that these statutes are not construed by the Court as clear expressions of Congressional intent that the property be subject to local taxes.

It is the opinion of the court that the two statutes cited above do not con-

stitute consent by Congress that the property be subject to taxation and that therefore the plaintiff must prevail.

■ The defendant does not dispute the general principle that lands owned by the United States or its instrumentalities are immune from state and local taxation. See Moses Lake Homes, Inc. v. Grant County, 365 U.S. 744, 81 S.Ct. 870, 6 L.Ed.2d 66 (1961); Rohr Aircraft Corp. v. San Diego County, 362 U.S. 628, 80 S.Ct. 1050, 4 L.Ed.2d 1002 (1960); County of Culpeper, Virginia v. Etter, 231 F.Supp. 999 (E.D.Va.1963), citing United States v. Allegheny County, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209 (1944). Instead, as stated previously, the City relies on two provisions of the United States Code as expressions of Congressional consent.

■■ The first section upon which the defendant relies is 28 U.S.C. § 960. It reads as follows:

Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.

It is the opinion of the court that this section is inapplicable to this case. This section appears, from an examination of the cases, to have the purpose of making a *business in receivership* subject to taxation. Such is not the situation in the case at bar. Furthermore, the Small Business Administration is under the general direction and supervision of the President, not a United States court. And it is expressly provided in the United States Code that the Administration shall not be affiliated with or be within any other agency or department of the Federal government. 15 U.S.C. § 633 (1963).

■ The defendant relies most heavily upon 15 U.S.C. § 646, which provides as follows:

Any interest held by the [Small Business] Administration in property, *as security for a loan*, shall be subordi-

nate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States. (Emphasis added.)

It is the contention of the defendant that the property in question was held by the Small Business Administration as "security for a loan" from December 19, 1963 until July 21, 1965. In this connection the defendant urges the court to consider the intent of Congress as manifested by other statutes which waive immunity of property held by agencies from taxation, arguing that this intent is best illustrated by statutes which waive exemption in the case of agencies such as the Home Owners Loan Corporation and the Federal Housing Administration. The defendant argues that Congress must have intended land held as in the instant case to be subject to local taxation as in the case of other agencies, and that in the light of this Congressional intent the language "as security for a loan" would also encompass land which is held in fee simple *as a result* of having been taken earlier by the agency as security. It is the defendant's position that the language "as security for a loan" should be broadly construed in such a way since it must have been the intent of Congress that land held by the Small Business Administration be taxed as fully as land held by other agencies of the government.

■ However, the court feels that the fact that Congressional consent may have been clearly given in the case of other agencies or instrumentalities of the Federal Government is not to say that consent has been given in the instant case. For example, in the case of the Federal Housing Administration the statute which waives exemption from taxation provides as follows:

Nothing in this subchapter shall be construed to exempt any real property acquired and held by the Commissioner under this subchapter from taxa-

**418**

tion by any State or political subdivision thereof, to the same extent, according to its value, as other real property is taxed. 12 U.S.C. § 1714 (1957).

 This statute is broader than 15 U.S.C. § 646, and, if anything, a comparison of the two would indicate that Congress clearly intended to limit its waiver of immunity exactly as provided in the statute, i.e. when the land is held "as security for a loan." If it were not so intended by Congress, it would have been a simple matter to have drafted, in the case of the Small Business Administration, as broad a statute as that which allows local taxation of land held by the Federal Housing Administration. And if Congress did not intend to limit the imposition of local taxes upon land held by the Small Business Administration to land held "as security for a loan", it would be a simple matter for Congress to expressly indicate otherwise in the future. It should be remembered that a waiver of immunity from taxation must not only be express but it must also be strictly construed. Reconstruction Finance Corp. v. State of Texas, 229 F.2d 9 (5th Cir. 1956), cert. den. 351 U.S. 907, 76 S.Ct. 695, 100 L.Ed. 1442 (1956).

It would seem, moreover, as though 15 U.S.C. § 646 relates to the priority of Federal liens over state liens, rather than the power of the state or local government to tax the property. However, assuming as the court has been that the statute could be construed as allowing the state or local government to tax property of the United States in some situations, the court feels that the statute goes no further than as appears on its face, that the waiver of immunity if there be one extends only to land which is presently being held by the Small Business Administration as security, not land which was held by the agency as security in the past but which at the time of the tax is owned absolutely in fee simple.

With this view of the statute in mind, the court can reach no other conclusion but that the property in the instant case was not subject to taxation by the City for the years 1964 and 1965. The lien which had been on the property was terminated by the sale in December of 1963, and the Small Business Administration became at that time the absolute owner of the land. There was no equity of redemption in the debtor such as is characteristic of a mere security interest, nor was there any other right remaining in the former owner of the land, the debtor Valley Development Corporation. The Small Business Administration had title to the land and did not hold it "as security for a loan." Therefore, 15 U.S.C. § 646 is not applicable, and, no other consent by Congress that the land be subject to local taxation appearing, it is hereby adjudged and ordered that the property was immune from taxation by the City of Roanoke for the years 1964 and 1965.