**TOWN OF BRISTOL**

v.

**UNITED STATES of America Acting For and on Behalf of the SMALL BUSINESS ADMINISTRATION, an agency of the United States of America.**

**Civ. A. No. 5765.**

United States District Court,
D. Vermont.

July 31, 1970.

Langrock & Sperry, Middlebury, Vt., for plaintiff.

## FINDINGS, OPINION and ORDER

OAKES, District Judge.

This case is here on plaintiff's and defendant's motions for summary judgment and, so far as can be determined, no dispute as to the facts:

FACTS. On April 13, 1967, the Small Business Administration (hereinafter "SBA") went into possession of a motel within the Town of Bristol, Vermont, by virtue of a default in respect to first and second real estate mortgages and two chattel mortgages on certain furniture equipment and fixtures on the premises. The SBA remained in possession of the premises until they were sold on October 22, 1969, following the obtaining of a decree of foreclosure in this Court on May 29, 1969, and the expiration of the last period for redemption thereunder on September 13, 1969.

Both 1968 and 1969 real estate and personal property taxes of the Town, assessed on April 1 of each year, have not been paid, and a portion of the proceeds of the sale money is held in escrow by the SBA pending adjudication by the Court of the liability of SBA to the Town for these taxes.

Both parties agree that the SBA filed a certificate of possession of the real estate in the Bristol Town Clerk's office on April 27, 1967, and with the chairman of the Board of Assessors of the Town of Bristol in May of 1967. Both parties agree that on or about October 1, 1969, the Town of Bristol filed a tax lien under 32 V.S.A. § 5072, but there is nothing to indicate that notice of this lien was given to SBA as provided in 32 V.S.A. § 5071. Both the real estate and chattel mortgages were properly and duly recorded prior to the SBA's going into possession of the property on April 13, 1967, as aforesaid.

The Court finds that there is no substantial controversy as to any material fact.

## OPINION and ORDER

The first question presented is whether the Small Business Administration as a mortgagee in possession was exempt from local taxation for the years 1968 and 1969.

■ "[T]he Small Business Administration is 'an integral part of the governmental mechanism,'" not merely a separate legal entity. Small Business Adm'n v. McClellan, 364 U.S. 446, 450, 81 S.Ct. 191, 195, 5 L.Ed.2d 200 (1960). It stands, therefore, in the shoes of the United States and is entitled to the same tax treatment, exemptions and benefits as is the United States itself under local law. United States v. City of Roanoke, 258 F.Supp. 415 (W.D.Va.1966).

Under Vermont law, "The following property shall be exempt from taxation: * * * real and personal estate owned by the United States * * *." 32 V.S.A. § 3802. Is, then, property held by a mortgagee in possession "owned" in the sense of Sec. 3802? Or, does a mortgagee in possession have merely a "security" interest which, under the Small Business Administration Act,[1] is subordinate to local property taxes?

At first glance, one might conceive that a mortgagee, whether in possession or not, has merely a security interest, since the mortgagor has an equity of redemption always, until the period therefor expires under a foreclosure decree, 12 V.S.A. § 4528, and since subsequent purchasers, mortgagees or attaching creditors have a right of redemption, until the foreclosure record or decree is duly recorded. 12 V.S.A. §§ 4529, 4530.

But a general tax statute, 32 V.S.A. § 3652, specifically provides:

"When real estate is mortgaged, the mortgagor shall be deemed the owner thereof for the purpose of taxation, until the mortgagee takes possession, after which the mortgagee shall be deemed the owner."

And a very similar statute in Maine has been recently held by District Judge Gignoux on its face to make the Small Business Administration the "owner" of the premises. United States v. Philip Craig et al, Civil No. 1706 (July 26, 1968).

■ It is ably argued here, however, that the Vermont statute to the effect that a mortgagee in possession is an "owner" is a product of loose draftsmanship and merely means that such property shall be "assessed to" or "set in the list in the name of" the mortgagee, as specifically used in similar language in the case of unoccupied lands (32 V.S.A. § 3653) or in the case of decedents' estates (32 V.S.A. § 3654). The fact that these two statutes follow the statute in question here in our latest statutory revision might give some credence to this suggestion, although the Vermont Supreme Court has repeatedly reminded us that words in a statute without definition must be given their plain and commonly accepted meaning. Callahan & Sons, Inc. v. Armstrong, 125 Vt. 213, 216, 214 A.2d 70 (1965), and that a statutory revision, unlike an amendatory act, must be presumed *not* to have intended a change in meaning unless the contrary clearly appears. Town of Cambridge v. Town of Underhill, 124 Vt. 237, 240, 204 A.2d 155 (1964). Here, indeed, all three sections just mentioned derive from the same basic act (1841, No. 16), so that it could be argued that the 1841 legislature intentionally used different words for different purposes.

■ But the Vermont case law makes even clearer that the legislature was using the word "owner" in its fullest sense, for our courts have repeatedly declared that, after condition broken, a mortgagee in possession is "at law, the absolute owner of the estate," the right of redemption being in equity only. Kelly v. Clement National Bank, 111 Vt. 65, 67, 10 A.2d 201, 202 (1940) ("at law the absolute owner of the property"); Crahan v. Town of Chittenden and Manning, 82 Vt. 410, 415, 74 A. 86, (1905) (right of entry lost, however, if

1. 15 U.S.C. § 646 (1964).

not exercised for fifteen years); Fuller v. Eddy, 49 Vt. 11, 12 (1876) (right to take possession peaceably); Lull v. Matthews, 19 Vt. 322, 326 (1847).

Being characterized as the "absolute owner," the mortgagee in possession in Vermont also has the incidents of ownership, the "bundle of privileges," Henneford v. Silas Mason Co., Inc., 300 U.S. 577, 582, 57 S.Ct. 524, 81 L.Ed. 814 (1937), that go to make up ownership, viz., being entitled to bring an action of trover, for timber cut, Jeffers v. Pease and Stevens, 74 Vt. 215, 218, 52 A. 422 (1902); being entitled to cut and keep the crops, as an owner, even in equity, Hamblet v. Bliss, 55 Vt. 535, 541 (1883); or to bring an action of trespass, *cf.* Harris v. Haynes, 34 Vt. 220, 228 (1861); or to the rents from a tenant of the property, Babcock v. Kennedy, 1 Vt. 457, 462 (1829) (though he must account for the rent at redemption) [2].

The situation is different, of course, prior to the taking of possession, there nevertheless being "ownership" in the mortgagee in the words of Mitchell v. Aldrich, 122 Vt. 19, 26, 163 A.2d 833 (1960), but the ownership being only "for the purpose of security," Sowles & Sowles v. Minot, 82 Vt. 344, 354, 73 A. 1025 (1909). As the last cited case indicates, in the case of taking possession, "the law will presume a conveyance or other relinquishment of the mortgagor's interest to the mortgagee." Id. at 354–355, 73 A. at 1029.

The body of law reflected in 32 V.S.A. § 3652 contemplates the mortgagee in possession as the actual owner, so that the words of the statute mean what they say. The early Vermonters did not, in short, take the same view of the possessing mortgagee's legal status as does the Uniform Commercial Code, say, of a seller of goods. 9A V.S.A. § 2–401; 9A V.S.A. § 1–201(37). If it is anomalous that a mortgagor who redeems from an SBA mortgagee in possession would not be subject to taxes assessed during the possession, this is an anomaly which not only results from the historical division of law and equity in Vermont, but which the Vermont legislature could readily correct.

This "page of history" having been turned, then, the Town is reduced to the technical contention that, because the SBA did not object to the validity of the assessment of these taxes in a proper way, it cannot be heard to complain, under 32 V.S.A. § 5292, and Braune v. Rochester, 126 Vt. 527, 237 A.2d 117 (1967), City of Winooski v. Matte, 125 Vt. 463, 218 A.2d 458 (1966), and Dike v. McCormick, Collector of Taxes for the Town of Bristol, 264 A.2d 769 (Vt. 1970).

But these sections of the statutes and cases relate only to disputing or contesting "the validity" of a tax by a taxpayer. No exempt owner can be a "taxpayer" within 32 V.S.A. § 5292, much less the United States of America, Rohr v. San Diego County, 362 U.S. 628, 80 S.Ct. 1050, 4 L.Ed.2d 1002 (1960) ("the general rule is 'that lands owned by the United States of America or its instrumentalities are immune from state and local taxation.'") Id. at 634, 80 S. Ct. at 1053.

As to the personal property taxes here involved, they stand on a different footing, since there is no Vermont personal property statute similar to 32 V.S.A. § 3652 on real estate, just referred to. The complaint alleges (Paragraph 10) that the tax collector of Bristol "filed a tax lien covering the personal property" here involved on October 1, 1969, but it does not allege, nor is there any evidence before the Court or representation made by the Town that it complied with the notice requirements of 32 V.S.A. § 5071 to perfect its lien as against the Small Business Administration. This being so, the sale by the Small Business Administration consummated on November 17, 1969, was

---

2. But *cf.* Seaver v. Durant & Adams, 39 Vt. 103, 105 (1866) (the right to account is not enforceable at law).

free and clear of any lien or claim by the Town.

Accordingly, defendant's motion for summary judgment is granted and judgment for the defendant may be and hereby is entered, with costs.